CIRCUIT COURT, KNOX COUNTY, TENNESSEE

Court Address:   City & County Building,
                 400 W. Main Street
                 Knoxville, TN 37922

FILED
2000 OCT -6 PM 1:56
CATHERINE F. QUIST
CIRCUIT COURT CLERK

| | |
|---|---|
| John William Stewart<br><br><br>Plaintiff<br><br>vs.<br><br>Deutshe Bank National Trust Company, Ocwen Loan Servicing and "John Doe" identified as all persons having an ownership interest in the mortgage lien on subject property claiming any legal or equitable, right title, estate, lien or right, title, estate, lien or interest in the property described in this complaint adverse to Plaintiff's title thereto inclusive<br><br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

COMPLAINT FOR QUIET TITLE
FRAUD AND MISREPRESENTATIONS,
BREACH OF CONTRACT, DECLATORY
RELIEF AND INJUNCTIVE RELIEF

*1-459-08*

RECEIVED NOV 1 3 2008

Comes now the Plaintiff pro se and alleges the following to this Honorable Court:

1.  Plaintiff John William Stewart (hereinafter "Plaintiff") Individual over the age of eighteen (18) and is, and was at all times mentioned herein, a resident of Knoxville, Knox County, Tennessee and is the true equitable owner s and sole title holder s of real property located at 10707 Eagle Glen Drive, Knoxville, Tennessee 37922 (hereinafter the "Property". A legal description of the Property is Lot Number (7), Eagle Glen Subdivision, Unit 1 as shown by map of the same of record in Map Cabinet K, Slide 96-C, in the Register's Office for Knox County, Tennessee to which map reference is hereby made for a more particular description of said property.

1

Complaint

EXHIBIT
A

2.  Plaintiff is also the Trustor of a deed of trust on October 25, 2002 Instrument No 200211070040905 hereinafter "Deed of Trust"), in the Knox County Register's Office First Security Title was the beneficiary of the Deed of Trust, relating to loan number which is currently referenced as 0031936610.

3.  Plaintiff is ignorant of the true names and capacities of defendants sued herein as inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

4.  Plaintiff is informed and believes and thereon alleges that, based upon the SEC filings, and recent consultation with experts in mortgage backed securities, Plaintiff unknowingly entered into agreements wherein loan payments could be allocated to payments due on notes from OTHER borrowers in whole or in part — as consequence of the cross guarantee agreements between tranches in the SPV and between SPV.

7.  Plaintiff is informed and further believe and thereon alleges that Defendant's cross guarantee agreements were an overcollateralization of the loan and as part of the overall scheme of issuance of the note and insurance purchased with the proceeds of sale of the loan to Defendant and investors in which reserve pools and guarantees of payment were created through payments to third parties, none of which was disclosed to Plaintiff.

8.  Plaintiff is informed and believes and thereupon alleges that, Defendants unknown to Plaintiff claim an interest in the property adverse to plaintiff herein. However, the claim of said Defendant is without any right whatsoever, and said Defendants have not legal or equitable right, claim, or interest in said property.

10. Plaintiff's search of the SEC database known as the EDGAR database which makes public all fillings required by the SEC a party finds certain legal filling required by SEC to establish a publicly traded "special purpose vehicle" or SIV industry parlance which provide the following information..

(a)     New Century Mortgage Securities, Inc. as Depositor for New Century Mortgage Corporation as the Master Servicer (who entered into a sale and servicing agreement dated March 01,2003.

(b)     That the trustee is Deutshe Bank National Trust Company
http://www.secinfo.com

(c)     That the primary servicer is Ocwen Federal Bank

(d)     New Century Mortgage Corporation and its affiliates are the originators of the mortgages to be included in the trust fund
http://www.secinfo.com

(e)     The following additional information is also found:

The Mortgage Loans will be assigned by the Depositor to the Trustee, together with all principal and interest received with respect to such Mortgage Loans on and after the Cut-off Date (other than Scheduled assignment, authenticate and deliver the Certificates. Each Mortgage Loan will be identified in a schedule appearing as an exhibit to the Trust Agreement which will specify with respect to each Mortgage Loan, among other things, the original principal balance and the Scheduled Principal Balance as of the close of business on the Cut-off Date, the Mortgage Rate, the Scheduled Payment, the maturity date, the Servicer and the Custodian of the Mortgage file, whether the Mortgage Loan is covered by an LMPI Policy and the applicable Prepayment Premium provisions, if any.

The Depositor shall deliver to and deposit with the Custodian as the duly appointed agent of the Trust for such purposes, the following original documents or instruments (or copies thereof as permitted by the Section) with respect to each Mortgage Loan assigned:

(1)     In accordance with the trust agreement, the related original mortgage note endorsed in blank without recourse the (2) the original mortgage

3

Complaint

with evidence of recording indicated thereon (or if such recordation has not yet been returned by the recording office, a copy thereof certified to be a true and complete copy of such mortgage sent for recording

(h) The depositor represented to the trust that immediately prior to the transfer and assignment of the Mortgage Loans to the Trustee, the Depositor was the sole owner of record and holder of each Mortgage Loan, and the Depositor had good and marketable title thereto, and had full right to transfer and sell each Mortgage Loan to the Trustee free and clear section 2.01 (c) (ii).

(l) Concurrently with the execution and delivery of this Agreement, the depositor does hereby transfer, assign, set over, deposit with and otherwise convey to the Trustee, without recourse, subject to Sections 2.02, 2.04, 2.05 and 2.06, in trust, all the right, title and interest of the Depositor in and to the mortgage loans. Such conveyance includes, without limitation, the right to all payments of principal and interest received on or with respect to the Mortgage Loans on and after the Cut-off Date. Section 2.01 (a)

(m) The Depositor, concurrently with the execution and delivery hereof, does hereby assign to the Trustee without recourse all the right, title and interest of the Depositor in and to (i) the Mortgage Loans, including all interest and principal on or with respect to the Mortgage Loans due on or after the Cut-off Date (other than Monthly Payments due on the Mortgage Loans in the month of the Cut-off Date); and (ii) all proceeds of the foregoing. In addition,
on the Closing Date, the Supplemental Interest Trust Trustee is hereby directed to enter into (A) the Swap Agreements on behalf of the Supplemental Interest Trust with the Swap Counterparty and (B) the Yield Maintenance Agreement on behalf of the Supplemental Interest Trust with the Yield Maintenance Agreement Provider.

4

Complaint

(b)  In connection with such assignment, and contemporaneously with the delivery of this Agreement, the Depositor delivered or caused to be delivered hereunder to the Trustee or a Custodian, and except as set forth in Section 2.01(c) below and subject to Section 2.01(d) below, the Depositor does hereby (1) with respect to each Mortgage Loan, deliver to the Master Servicer (or an Affiliate of the Master Servicer) each of the documents or instruments described

in clause (I) (ii) below (and the Master Servicer shall hold (or cause such Affiliate to hold) such documents or instruments in trust for the use and benefit of all present and future Certificate holders), (2) with respect to each MOM Loan, deliver to and deposit with the Trustee, or the Custodian as the duly appointed agent of the Trustee for such purpose, the documents or instruments described in clauses (I) (i) and (v) below, (3) with respect to each Mortgage Loan that is not a MOM Loan but is registered on the MERS(R) System, deliver to and deposit with the Trustee, or the Custodian as the duly appointed agent of the Trustee for such purpose, the documents or instruments described in clauses (I)(i), (iv) and (v) below and (4) with respect to each Mortgage Loan that is not a MOM Loan and is not registered on the MERS(R) System, deliver to and deposit with the Trustee, or the Custodian as the duly appointed agent of the Trustee for such purpose, the documents or instruments described in clauses (I)(i), (iii), (iv) and (v) below and clause (II) below:

(I) with respect to each Mortgage Loan (other than a Cooperative Loan) so assigned:

(i)  The original Mortgage Note, endorsed without recourse to the
order of the Trustee and showing an unbroken chain of endorsements from
the originator thereof to the Person endorsing it to the Trustee, or with
respect to any Destroyed Mortgage Note, an original lost note affidavit
from the related Seller or Residential Funding stating that the original
Mortgage Note was lost, misplaced or destroyed, together with a copy of
the related Mortgage Note;

5

Complaint

(ii) The original Mortgage, noting the presence of the MIN of the Mortgage Loan
and language indicating that the Mortgage Loan is a MOM Loan if the Mortgage
Loan is a MOM Loan, with evidence of recording indicated thereon or, if the
original Mortgage has not yet been returned from the
public recording office, a copy of the original Mortgage with evidence of
recording indicated thereon;

(iii) The Assignment (which may be included in one or more blanket assignments
if permitted by applicable law) of the Mortgage to the Trustee
with evidence of recording indicated thereon or a copy of such assignment
with evidence of recording indicated thereon;

(iv) The original recorded assignment or assignments of the
Mortgage showing an unbroken chain of title from the originator to the
Person assigning it to the Trustee (or to MERS, if the Mortgage Loan is
registered on the MERS(R)
System and noting the presence of a MIN) with evidence of recordation
noted thereon or attached thereto, or a copy of such assignment or
assignments of the Mortgage with evidence of recording indicated thereon;
and (v)  The original of each modification, assumption agreement or
preferred loan agreement, if any, relating to such Mortgage Loan, or a
copy of each modification, assumption agreement or preferred loan
agreement.

11. The documents or record in this case tend to show that the mortgage that is subject of this
litigation (which includes the assignments of record) do not convey the subject trust which seeks
to foreclose on Plaintiff's home

12. In Fact, the documents of record indicate that there is an assignment to Deutshe Bank National
Trust Company as trustee.

6

Complaint

13. These purported assignments tend to convey each of the following irregularities rendering the assignments invalid and legally unenforceable:

    a.) The documents purport to ultimately convey the mortgage to Deutshe Bank National Trust Company. However, the documents from the defendants Shapiro and Kirsch, LLC tend to show the name of New Century Mortgage Corporation and not the Trust.

    b.) The only entity that could convey the mortgage to the trust is New Century Mortgage Corporation.

    c.) Therefore , the assignments of record which purport to assign directly to Deutshe Bank National Trust Company as trustee fail to convey the mortgage to the trust

14. Also, even though these documents were recorded in 2002, and possibly fabricated, they fail to follow the basic steps for conveyance to the trust and there is no assignment to the depositor New Century Mortgage Securities, Inc.

16. On September 8th, 2008, Plaintiff requested the name of the true holder in due course pursuant to 15 USC 1641(f) (2) bust as of the date of the filing of this complaint, Plaintiff has not received any proof.

17. In all of the wrongful acts alleged in the complaint, the Defendants and each of them have utilized the United States mail in furtherance of their pattern of conduct to unlawfully collect on negotiable instruments when they were not entitled under the law to do so, and assuming *arguendo* that they did have the right to foreclose under the note, to profit from those actions in amounts greater than their rights under the not to do so.

18. In pursuing non-judicial foreclosure, Defendants and each of them represented that they had the right to payment under the note, payment of which was secured by the security instrument.

7

Complaint

19. The true facts were that they were not in possession of the note and they were not either holder of the note or non-holders of the note entitled to payment, as those terms are used in Commercial Code 3301, 3309, and therefore they proceeded to foreclose non-judicially without right under the law. Further, they added cost and charges to the payoff amount of the note that were not justified and proper under the terms of the note or the law.

20. Further, should these defendants be willing to creep out onto the proverbial limb and argue that Deutshe Bank National Trust Company as trustee is the owner of said loan, the Plaintiff's would posit only one question: As trust for whom is Deutshe Bank National Trust Company the owner of said loan?

21. As the finder of fact may have now guessed, if the finder of fact is not bored to tears by now, a trustee cannot go beyond his powers set forth in the trust which grants him his powers.

22. Deutshe Bank National Trust Company "as trustee" has no power to act beyond the power granted in its trust agreement. If Deutshe Bank National Trust Company intends to claim that is not attempting to foreclose for New Century Mortgage Corporation MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES Series 2003-2 then the court should either require Deutshe Bank National Trust Company and Shapiro and Kirsch to set forth in specific terms who it claims owns the mortgage in question and who Deutshe Bank National Trust Company is serving as trustee for so that Plaintiff may have the benefit of reviewing Deutshe Bank 's responsibilities and obligations under any alternative trust that it would like to claim own the Plaintiff mortgage or equitable estop these Defendants from so claiming based on their prior representations to this Court.

23. Further, the potential owners are quite numerous should these defendants go out on that proverbial limb even further (and should this Court allow them to do so) as even a cursory glance of SEC Filings shows that there are currently no less than 32 active trusts for mortgage backed securities which Deutshe Bank National Trust Company serves as trustee

24. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties in that Plaintiff contends that Defendants had no authority to sell the Property because they failed to record and acknowledged the assignment, as required by law.

25. Plaintiff further contends that Defendants also lack standing because Plaintiff's Deed of Trust has been placed in a "pooling agreement" trust which, by specific provision applicable to the, cannot profit from Plaintiff's Security.

26. Plaintiffs contend that said sale was wrongful, illegal, in violation of law and the documents governing the relationship between the Plaintiffs and the owners of the Plaintiff's mortgage.

27. The Plaintiffs contend that the foreclosing entity lacked standing to initiate a foreclosure and the foreclosure is void or at least voidable and that no title has passed to Deutshe Bank National Trust Company as there was no legal title to pass to it from the foreclosing entity.

28. Plaintiff desires a judicial determination of their rights and duties and a declaration that the Notice of Default and Election to Sell Under Deed of Trust and the Notice of Trustee's Sale and all related documents are void and have no force or effect because Defendant have no power of sale as the purported assignment of Deed of Trust was never recorded and Defendants are without any right or authority whatsoever to sell the Property, and such Defendants have no right, interest, title, estate or lien whatsoever in the Property.

29. The Plaintiffs allege that the action of Deutshe Bank National Trust Company, Shapiro and Kirsch and their agents, employees and servants were wrongful and tortious.

30. The Plaintiff alleges that the actions of Shapiro and Kirsch and Deutshe Bank National Trust Company NA in attempting to eject them from their home and wrongfully foreclosing is a violation of law, wrongful and tortious and that Deutshe Bank National Trust Company hold no title to their home or property, and that its actions constitute negligence, wantonness, and slander of title.

9

Complaint

31. The Plaintiff alleges that the actions of Deutshe Bank National Trust Company coupled with the actions of Shapiro and Kirsch and their employees, agents and servants were a civil conspiracy to deprive the Plaintiff of his property and defraud the Plaintiff and the Investors of the Trust monies wherein these parties were engaged in a civil conspiracy to falsify legal documents for the purpose of foreclosing on homes of individuals under a colorable title of right for the purpose of generating profits and income from the act of depriving individuals of their homes and for the purpose of unjustly enriching the participants of the joint venture at the expense of the unsuspecting an unknowing.

32. The Plaintiff alleges that Deutshe Bank National Trust Company had the right to choose and control the attorneys who it hired to foreclose on loans and by having such control is liable for the wrongful and tortuous conduct of their agents, employees and servants.

33. Plaintiff therefore seeks a declaration that the title to the subject property is vested in plaintiff alone and that the defendant herein, and each of them, be declared to have no estate, right, title or interest in the subject property and that said defendant, and each of them, be forever enjoined from asserting any estate, right, title or interest in the subject property adverse to plaintiff herein.

34. As a direct result of the acts complained by the Plaintiff, Plaintiff has been caused to suffer great mental anguish, economic and emotional damages and claims from the defendants all damages allowable under the law.

### First Claim

### (Promissory Fraud, Concealment and Suppression of Fact, Misrepresentation)

35. Plaintiff reallege all prior paragraphs of the pleading as if set out here in full.

36. Plaintiff alleges in the entire course of foreclosure, Plaintiff was a victim of intentional misrepresentation. Defendant failed to disclose the relationships among all parties involved (including, any servicer, any custodian, any depository, any Special Purpose Vehicle of Special

10

Complaint

Purpose Entity etc. etc.), the structure of the securities offered (including the flow of funds or any subordination features) and any other material features of any transaction concerning the sale, transfer or assignment of the loan at any time.

37. Plaintiff believes that Defendants are part of a Pooling and Servicing Agreement which hold securitized bonds and that Plaintiff's Deed of Trust is purported to one of many in the trust pool. Defendants concealed this information and made further misrepresentations to deceive Plaintiff in order to foreclose on the property.

38. The Aforementioned actions of Defendants were intentional misrepresentations and concealment of material facts known to the Defendants with the intention of depriving the Plaintiff of property and legal rights and, otherwise, causing injury, and those acts constitute malicious, despicable conduct that subjected Plaintiff to unjust hardship in conscious disregard of his rights sufficient as to justify an award of exemplary and punitive damages.

39. As a result of Defendants' fraudulent misrepresentations, Plaintiff has been damaged in an amount according to proof.

## Second Claim
### (Negligence)

40. Plaintiff realleges all prior paragraphs of the pleading as if set out here in full.

41. Deutshe Bank National Trust Company and Shapiro and Kirsch negligently are attempting to eject Plaintiff from the home he rightfully owns since the foreclosure performed by Shapiro and Kirsch is void.

42. As a direct result of the Deutshe Bank National Trust Company and Shapiro and Kirsch negligence, the Plaintiff were injured and damages as alleged above and has suffered mental anguish, economic injury and all other damages allowed by law.

11

Complaint

43. As a result thereof, the plaintiff/counter-defendant is liable for all natural, proximate and consequential damages due to its negligence.

## Third Claim for Relief
### (Wantonness)

44. The Plaintiffs realleges all prior paragraphs of the pleading as if set out here in full.

45. Deutshe Bank National Trust Company and Shapiro and Kirsch with reckless indifference to the consequences, consciously and intentionally are acting to eject the Plaintiff from the home he rightfully owns.

46. Deutshe Bank National Trust Company and Shapiro and Kirsch with reckless indifference to the consequences, consciously and intentionally instituted this action with the knowledge that the home of the Plaintiff does not belong to Deutshe Bank National Trust Company and is part of a securitized pooling agreement which is purported to one of many in a trust.

47. As a result thereof, Deutshe Bank National Trust Company and Shapiro and Kirsch are liable for all natural, proximate and consequential damages due to their wantonness as well as punitive damages upon a proper evidentiary showing.

## Fourth Claim for Relief
### Respondeat Superior Liability

48. The Plaintiff realleges all prior paragraphs of the pleading as if set out here in full.

49. Deutshe Bank National Trust Company, directed, or controlled the actions of Shapiro and Kirsch and its employee and associates.

50. Shapiro and Kirsch who is a third party defendant in this action, serves at the leisure of both the Trust and Trustee and/or is a part of a joint venture with the Trust. These parties are alleged,

12

Complaint

upon information and belief, to be engaged in a civil conspiracy to engage in conduct which is unlawful for the purpose of unjustly enriching the members or participants in the joint venture.

51. Deutshe Bank National Trust Company is liable in tort for all of the wrongful actions of its agent, employee or servants, Shapiro and Kirsch.

52. The Plaintiff claims all damages allowable under law for these wrongful actions.

## Fifth Cause of Action
### Negligent or Wanton Hiring, Supervision, Training or Retention

53. The Plaintiff realleges all prior paragraphs of the pleading as if set out here in full.

54. Deutshe Bank negligently or wantonly hired, trained, supervised, or retained the third party defendant Shapiro and Kirsch.

55. As a result of the negligence or wantonness, depending on evidence adduced, the Plaintiff was injured and damaged by the actions of Shapiro and Kirsch.

56. As a result, Deutshe Bank National Trust Company is liable for all damages proximately and directly flowing from these actions by their agents, employees or servant, Shapiro and Kirsch.

13

Complaint

## Sixth Claim for Relief

### Slander of Title

57. The Plaintiff realleges all prior paragraphs of the pleading as if set out here in full.

58. Deutshe Bank National Trust Company and Shapiro and Kirsch in filing a foreclosure deed — which is void — has caused a cloud to be placed on the title of the Plaintiff's property

59. As the proximate cause of Deutshe Bank National Trust Company and Shapiro and Kirsch said slandering of the Plaintiff's title, the Plaintiff was caused to suffer injuries and damages and claim all damages allowable under law.

### Seventh Cause of Action

### Joint Venture Liability

60. The Plaintiff realleges all prior paragraphs of the pleading as if set out here in full.

61. Deutshe Bank National Trust Company and Shapiro and Kirsch, Plaintiff are part of a joint venture defined by controlling law.

62. Each member of a joint venture is jointly and severally liable for any tortious act of any member of the joint venture against the Plaintiffs

63. As a result thereof, the defendants reallege in its entirety the complete third party complaint against Deutshe Bank National Trust Company and Shapiro and Kirsch as grounds for their joint venture liability

14

Complaint

64. As a result thereof the actions of the joint ventures, the Plaintiff have been injured and damaged as heretofore alleged.

## Eighth Cause of Action
### Unjust Enrichment

65. The Plaintiff realleges all prior paragraphs of the pleading as if set out here in full.

66. The actions of Deutshe Bank National Trust Company and Shapiro and Kirsch and prior in foreclosing on the home of the Plaintiffs in violation of law resulted in Deutshe Bank National Trust Company and Shapiro and Kirsch being unjustly enriched by the payment of fees, insurance proceeds and equity in the home.

67. As a result of Deutshe Bank National Trust Company and Shapiro and Kirsch actions and unjust enrichment, the Plaintiffs has been injured and damages in that the Plaintiffs have lost their home and have lost any equity in their home resulting in emotional damages including mental anguish.

68. The Plaintiff claims all damages allowable under law as a result of Deutshe Bank National Trust Company and Shapiro and Kirsch wrongful conduct and unjust enrichment.

## Ninth Cause of Action
### Civil Conspiracy

71. The Plaintiff realleges all prior paragraphs of the pleading as if set out here in full.

72. Deutshe Bank National Trust Company and Shapiro and Kirsch engaged in an unlawful combination and conspiracy to foreclose on home loans against individuals for the purpose of unjustly enriching themselves in violation of law. This unlawful activity had the effect of unjustly enriching the joint venturers and conspirators.

15

Complaint

73. As a result of this civil conspiracy, civil wrongs were committed against the Plaintiffs and other consumers. The motivation for the civil conspiracy was a third party defendant's greed.

74. As a result of the civil conspiracy the Plaintiff claims all damages allowed by law.

## Tenth Claim for Relief
## Wrongful Foreclosure

75. The Plaintiff realleges all prior paragraphs of the pleading as if set out here in full.

76. Deutshe Bank National Trust Company and Shapiro and Kirsch have completed a foreclosure proceeding against the Plaintiff in violation of law.

77. The initiation of the foreclosure proceeding by Deutshe Bank National Trust Company and Shapiro and Kirsch was either negligent or wonton, depending on proof adduced at trial.

79. As a result thereof, Deutshe Bank National Trust Company and Shapiro and Kirsch are liable for all natural, proximate and consequential damages due to their own actions including an award of punitive damages upon a proper evidentiary showing.

## Eleventh Cause of Action
## RICO

80. The Plaintiff realleges all prior paragraphs of the pleading as if set out here in full

81. Plaintiffs allege the Defendants acts in the initiation and origination of the loan, the pooling and servicing agreements and concealing the true note holder in due course was a scheme of racketeering as that term is defined in RICO, 18 USC 1961 et seq.

82. Plaintiff is therefore entitled to the remedies available under RICO in civil actions

16

Complaint

**WHEREFORE,** Plaintiff, having set forth his claims for relief against Defendants, prays this Honorable Court as follows:

A. That the Plaintiff have and recover against the Defendants a sum to be determined by a jury of their peers in the form of actual damages;

B. That the Plaintiff have and recover against Defendants a sum to be determined by a jury of their peers in the form of punitive damages;

C. That this court enter an order voiding the documents governing the loan of Plaintiff;

D. That Plaintiff have title to the subject property vested in plaintiff alone and that the defendant herein, and each of them, be declared to have no estate, right, title or interest in the subject property and that said defendants, be forever enjoined from asserting any estate, right, title or interest In the subject property adverse to plaintiff herein; and

E. That the Plaintiff have such other and further relief as the Court may deem just and proper and equitable given facts of the case.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a trial by jury on all claims so triable before the Court

John William Stewart
Pro Se Plaintiff

10701 EAGLE GLEN DRIVE
KNOXVILLE, TN 37922
865-898-0095

17

Complaint

## CERTIFICATE OF SERVICE

I, HEREBY CERTIFY that a true and correct copy of the foregoing has been mailed postage prepaid to;

Deutshe Bank National Trust Company, as Trustee
Ocwen Loan Servicing, LLC.
C/O Shapiro and Kirsch, LLP.
6055 Primacy Parkway
Suite 410
Memphis, TN 38119

This the 6th day of October, 2008

John William Stewart

# STATE OF TENNESSEE
## THE CIRCUIT COURT FOR KNOX COUNTY

### SUMMONS

2000 OCT -7 P 3: 47

CATHERINE F. QUIST
CIRCUIT COURT CLERK

JOHN WILLIAM STEWART _____ Plaintiff )

)

vs. )

DEUTSHE BANK NATIONAL TRUST COMPANY )

WEN LOAN SERVICING _____ Defendants )

CIVIL ACTION
NUMBER. 145908

To the above-named defendant(s):

You are hereby summoned and required to serve upon JOHN WILLIAM STEWARD _____, plaintiff attorney, whose address is 10707 EAGLE GLEN DR. KNOXVILLE, TN answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you exclusive of the day of service. A copy of the answer must be filed with the court either before or within a reasonable time after service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this the 7 day of OCTOBER , 2008.

Catherine Quist
Catherine F. Quist, Clerk

By: _____
Deputy Clerk

### NOTICE

To the defendant(s):

Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### SERVICE INFORMATION

To the process server: Defendant
can be served at SHAPIRO AND KIRSCH 6055 PRIMACY PARKWAY SUITE 410 MEMPHIS, TN 38119

### RETURN

I received this summons on the _____ day of _____, _____.

I hereby certify and return that on the _____ day of _____, _____. I:

[ ] served this summons and a complaint on the defendant _____ in the following manner:

_____

_____

[ ] failed to served this summons within 30 days after its issuance because: _____

_____

_____

# STATE OF TENNESSEE
## THE CIRCUIT COURT FOR KNOX COUNTY

### SUMMONS

2008 OCT -7 P 3: 47

CATHERINE F. QUIST
CIRCUIT COURT CLERK

JOHN WILLIAM STEWART _____ Plaintiff )

)

vs. )

DEUTSHE BANK NATIONAL TRUST COMPANY )

WEN LOAN SERVICING _____ Defendants )

CIVIL ACTION
NUMBER _145908_

To the above-named defendant(s):

You are hereby summoned and required to serve upon JOHN WILLIAM STEWARD address is 10707 EAGLE GLEN DR. KNOXVILLE _____, plaintiff attorney, whose you within 30 days after service of this summons and complaint upon your answer to the complaint herewith served upon of the answer must be filed with the court either before or within a reasonable time after service. A copy judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this the _7_ day of _October_ , 2008.

Catherine Quist
Catherine F. Quist, Clerk

By: _____
Deputy Clerk

### NOTICE

To the defendant(s):

Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### SERVICE INFORMATION

To the process server: Defendant
can be served at _SHAPIRO AND KIRSCH 655 PRIMACY PARKWAY SUITE 410 MEMPHIS, TN 38119_

### RETURN

I received this summons on the _____ day of _____ , _____.

I hereby certify and return that on the _____ day of _____ , _____ I:

[ ] served this summons and a complaint on the defendant _____ in the following manner:

_____
_____

[ ] failed to served this summons within 30 days after its issuance because: _____

_____
_____



# Shelby County Sheriff's Office

*Mark H. Luttrell, Jr., Sheriff*

Wednesday, October 22, 2008

**Plaintiff**      JOHN WILLIAM STEWART

*versus*

**Defendant**    DEUTSHE BANK NATIONAL TRUST CO

**Docket Number**   145908

Gentlemen:

We are returning your paperwork in the above styled case with our disposition thereon

—————    Please remit your payment in the amount of **$ 0.00**    for this

—————    Our check in the amount of **$ 0.00**    refunding your overpayment will be mailed from our administrative office

—————    Our affidavit of service is attached

If any further information is needed regarding this service , please do not hesitate to contact our office
Area Code (901) 379-7400 or (901) 379-7407
Fax (901) 379 -7440

Shelby County Sheriff's Office
Civil Division
1075 Mullins Station
Building C
Memphis, TN 38134

Respectfully ,

MARK H. LUTTRELL JR. , Sheriff
Shelby County , Tennessee

By : NA
Civil Division

# STATE OF TENNESSEE
## THE CIRCUIT COURT FOR KNOX COUNTY

### SUMMONS

2008 OCT -7 P 3: 47

CATHERINE F. QUIST
CIRCUIT COURT CLERK

JOHN WILLIAM STEWART Plaintiff )

vs. )

DEUTSHE BANK NATIONAL TRUST COMPANY )
OWEN LOAN SERVICING Defendants )

CIVIL ACTION
NUMBER _143908_

To the above-named defendant(s):

You are hereby summoned and required to serve upon _JOHN WILLIAM STEWARD_, plaintiff attorney, whose address is _10707 EAGLE GLEN DR. KNOXVILLE, TN_ an answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon your exclusive of the day of service. A copy of the answer must be filed with the court either before or within a reasonable time after service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this the _7_ day of _OCTOBER_, 2008.

Catherine Quist

Catherine F. Quist, Clerk

By: _____
Deputy Clerk

### NOTICE

To the defendant(s):

Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### SERVICE INFORMATION

To the process server: Defendant _Shapiro & Kirsch_
can be served at _SHAPIRO AND KIRSCH  655 PRIMACY PARKWAY SUITE 410 MEMPHIS, TN 38119_

### RETURN

I received this summons on the _17_ day of _Oct_, 2008.

I hereby certify and return that on the _21_ day of _Oct_ 2008. I:

☒ served this summons and a complaint on the defendant _Shapiro & Kirsch_ in the following manner:
_By serving Renee Kammer / Attorney_

☐ failed to served this summons within 30 days after its issuance because: _____

CATHERINE F. QUIST

**F I L E D**

OCT 13 2008

# STATE OF TENNESSEE
# THE CIRCUIT COURT FOR KNOX COUNTY

## SUMMONS

JOHN WILLIAM STEWART Plaintiff )

)

vs. )

DEUTSCHE BANK )

NATIONAL TRUST CO. Defendant )

CIVIL ACTION
NUMBER 1-459-08

To the above-named defendant(s):

    You are hereby summoned and required to serve upon JOHN WILLIAM STEWART, plaintiff ~~attorney~~, whose address is 10707 EAGLE GLEN DR. KNOXVILLE, TN 37922, an answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you; exclusive of the day of service. A copy of the answer must be filed with the court either before or within a reasonable time after service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

    Issued and tested this the 13 day of OCTOBER , 2008

Catherine Quist

Catherine F. Quist, Clerk

By: _____

Deputy Clerk

## NOTICE

To the defendant(s):

    Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

To the process server: Defendant OCWEN LOAN SERVICING
can be served at SHAPIRO & KIRSCH, 6055 PRIMACY PKWY, SUITE 410 MEMPHIS, TN 38119

## RETURN

I received this summons on the 17 day of Oct , 2008.
I hereby certify and return that on the 21 day of Oct. 2008 I:
[ ] served this summons and a complaint on the defendant Ocwen loan Serv. in the following manner:
~~not serving~~

[X] failed to served this summons within 30 days after its issuance because:
refuse serving because not Ocwen loan serving
Per Attorney Renee Kammar

# STATE OF TENNESSEE
## THE CIRCUIT COURT FOR KNOX COUNTY

### SUMMONS

John William Stewart ___ Plaintiff )

)

vs. )

Deutshe Bank )  CIVIL ACTION
National Trust co. ___ Defendant )  NUMBER 1- 459-08

To the above-named defendant(s):

    You are hereby summoned and required to serve upon John William Stewart plaintiff attorney, whose address is 10707 Eagle Glen Dr. Knoxville, TN 37922 , an answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you; exclusive of the day of service. A copy of the answer must be filed with the court either before or within a reasonable time after service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

    Issued and tested this the 13 day of October , 2008

Catherine Quist
Catherine F. Quist, Clerk

By: _____
Deputy Clerk

### NOTICE

To the defendant(s):

    Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### SERVICE INFORMATION

To the process server: Defendant Ocwen Loan Servicing
can be served at Shapiro & Kirsch, 10055 Primacy Pkwy, Suite 410 Memphis, TN 38119

### RETURN

I received this summons on the 17 day of Oct ,2008 .
I hereby certify and return that on the 21 day of Oct. ,2008 . I:
[ X ] served this summons and a complaint on the defendant Ocwen Loan in the following manner:
by serving _____

[ ] failed to served this summons within 30 days after its issuance because: _____

The Americans with Disabilities Act prohibits discrimination against and qualified individual with a disability. The Tennessee Judicial Branch does not permit discrimination against any individual on the basis of physical or mental disability in accessing its judicial programs. In accordance with the Americans with Disability Act, if necessary, the Tennessee Judicial Branch will provide reasonable modification in order to access all of its programs, services and activities to qualified individuals with disabilities.

If you require a modification to access the judicial program and/or have special needs because of a qualified disability, you must submit a written Request for Modification to the Local Judicial Program ADA Coordinator listed below at least five (5) business days prior to the date of the judicial program, if possible. A form is available from the Local Judicial Program ADA Coordinator or from the Tennessee Judicial Program ADA Coordinator, http: www.tsc.state.tn.us

If you need assistance, have questions or need additional information, please contact the Local Judicial Program ADA Coordinator:

> Pat Carson, Compliance Officer
> Knox County Human Resources Office
> Suite 360 City-County Building
> 400 Main Street, Knoxville, Tennessee 37902
> Voice phone: (865)215-2952    TTY: (865)215-2497

If you need assistance, have questions, or need additional information you may also contact the Tennessee Judicial Program ADA Coordinator:

> Pamela Taylor, Manager/Coordinator
> State Judicial ADA Program
> Administrator Office of the Courts
> Nashville City Center, Suite 600, 511 Union Street
> Nashville, TN. 37219
> (615) 741-2687    (615) 741-6285

The Tennessee Judicial Branch Americans with Disabilities Act Policy Regarding Access to Judicial Programs, as well as a Request for Modification form may be found online at www.tsc.state.tn.us

# IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

FILED

JOHN WILLIAM STEWARD
(PLAINTIFF)

2000 OCT -6 PM 1:56

CATHERINE F. QUIST
CIRCUIT COURT CLERK

vs DEUTSHE BANK NATIONAL TRUST COMPANY
OCWEN LOAN SERVICING

CASE NO: 1-45708

(DEFENDANT)

## UNIFORM CIVIL AFFIDAVIT OF INDIGENCY

I, JOHN WILLIAM STEWARD , having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the expenses of this case and that I am justly entitled to the relief sought to the best of my belief. The following facts support my poverty.

1. Full Name: JOHN WILLIAM STEWARD
2. Address: 8709 EAGLE GLEN DRIVE KNOXVILLE TN 37922
3. Telephone Number: 865-898-0095
4. Date of Birth: 02/23/54
5. Names and Ages of All Dependents:

JOHN W. STEWARD                    Relationship SELF
_____            Relationship_____
_____            Relationship_____
_____            Relationship_____

6. I am employed by: CURRENTLY UNEMPLOYED

   My employer's address is: _____

   My employer's telephone number is_____

7. My present income after federal income and social security taxes are deducted is:

   $_____ per week or $_____ per month.

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $_____ per month beginning_____ | Unemployment $_____ per month beginning_____ | |
| SST | $_____ per month beginning_____ | Worker's Comp $_____ per month beginning_____ | |
| Retirement | $_____ per month beginning_____ | Other $176.00 per month beginning Sep 8 | |
| Disability | $_____ per month beginning_____ | | |

9.   My expenses are:

| | | | | | |
|---|---|---|---|---|---|
| Rent/House Pymt. | $_____ | per month | Telephone | $ 50 — | per month |
| Groceries | $ 250 00 | per month | School Supplies | $_____ | per month |
| Electricity | $ 60 00 | per month | Clothing | $_____ | per month |
| Water | $ 20 00 | per month | Child Care | $_____ | per month |
| Gas | $_____ | per month | Court ordered Child support | $_____ | per month |
| Transportation | $_____ | per month | Other | $_____ | per month |
| Medical & Dental | $_____ | per month | | | |

10.   Assets:

Automobile                          $_____ Ø_____ (Fair Market Value)

Checking/Savings Account   $_____ Ø_____

House                                    $_____ (Fair Market Value)

Other                                    $_____

11.   My debts are: C/C J LoAns          + 8,000 Persona l loan

Amount Owed: $ 8,000 -9,000 /          To Whom: _____

_____

_____

_____

_____

I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this action.

_____
PLAINTIFF

## ORDER ALLOWING FILING ON PAUPER'S OATH

It appears based upon the Affidavit of Indigency filed in this cause and after due inquiry made that the Plaintiff is an Indigent person and is qualified to file this case on a pauper's oath.

It is so ordered this the ___6___ day of ___October___, 20_08_.

_____
JUDGE

## DETERMINATION OF NONINDIGENCY

It appearing based upon the Affidavit of Indigency filed in this cause and after due inquiry made that the Plaintiff is not an indigent person because _____

_____

IT IS ORDERED AND ADJUDGED that the Plaintiff does not qualify for filing this case on a pauper's oath.

This the _____ day of _____, 20_____.


_____
JUDGE

**CIRCUIT COURT, KNOX COUNTY, TENNESSEE**

Court Address:    City & County Building,
400 W. Main Street
Knoxville, TN 37902

FILED

2008 OCT 13 PM 3: 48
S. Harmon
CATHERINE F. QUIST
CIRCUIT COURT CLERK

John William Stewart

Plaintiff,               )

                        )

vs.                   )          No. 145908

                        )

Deutshe Bank National Trust Company, as Trustee, )
And Ocwen Loan Servicing, LLC. and "John Doe" )
identified as all persons having an ownership interest )
in the mortgage lien on subject property claiming )
any legal or equitable, right title, estate, lien or )
right, title, estate, lien or interest in the property )
described in this complaint adverse to Plaintiff's )
title thereto inclusive )

Defendant(s)

---

### NOTICE OF LIS PENDENS

The undersigned hereby gives notice that an action is pending within the matter which affects the interest of the following real property and improvements thereon, situated in the County of Knox, State Of Tennessee, to wit:

Lot Number (7), Eagle Glen Subdivision, Unit 1 as shown by map of the same of record in Map Cabinet K, Slide 96-C in the Register's Office for Knox County, Tennessee to which map reference is hereby made for a more particular description of said property.

Street Address:
10707 Eagle Glen Drive
Knoxville, Tennessee 37922

John William Stewart
Pro Se Plaintiff
10707 Eagle Glen Drive
Knoxville, TN 37922
865.898.0095

Case 3:08-cv-00475-TWP-HBG   Document 1-1   Filed 11/20/08   Page 29 of 50   PageID #: 34

## CERTIFICATE OF SERVICE

I, HEREBY CERTIFY that a true and correct copy of the foregoing has been mailed postage prepaid to:

Deutshe Bank National Trust Company, as Trustee
Ocwen Loan Servicing
C/O Shapiro and Kirsch, LLP.
6055 Primacy Parkway
Suite 410
Memphis, TN 38119

This the 13th day of October, 2008

John William Stewart

## IN THE CIRCUIT COURT
## IN AND FOR KNOX COUNTY, STATE OF TENNESSEE

**John William Stewart**

**Plaintiff**

**vs.**

No. 145908

**Deutshe Bank National Trust Company, as Trustee,
Ocwen Loan Servicing and "John Doe" identified as
all Persons having an ownership interest in the
mortgage lien on subject property claiming any legal
or equitable right, title, estate lien or right, title, estate
lien or interest in the property described in this
complaint adverse to Plaintiff's title thereto inclusive.**

**Defendant(s)**

---

### QUALIFIED WRITTEN REQUEST FOR PRODUCTION OF DOCUMENTS,
### COMPLAINT, DISPUTE OF DEBT AND VALIDATION OF DEBT LETTER, TILA
### REQUEST

Comes the Plaintiff, and pursuant to Tennessee Rules of Civil Procedure
31,33 and 34 requests Defendants Deutshe Bank National Trust Company,
as Trustee and Ocwen Loan Servicing answer, disclose and produce, within
thirty (30) days of service hereof, at 10707 Eagle Glen Drive, Knoxville, TN
37922 the matters listed below.

This is a "qualified written request" in compliance with and under the Real
Estate Settlement Procedures Act, 12 U.S.C. Section 2605(e).
The original Promissory Note signed by John William Stewart on October 25,
2002.

Reference: Account #0031936610(hereinafter the subject loan and is the
reference for all questions and requests described below).

To date, the documents and information I have, that you have sent me, and
the conversations with your service representatives have been unproductive
and have not answered my questions.

Needless to say, I am very concerned. With all the news lately regarding the
stories of predatory lending, you have left me feeling that there is
something you are trying to hide. I worry that potential fraudulent and
deceptive practices by unscrupulous mortgage brokers; sales and transfers

of mortgage servicing rights; deceptive and fraudulent servicing practices to enhance balance sheets; deceptive, abusive and fraudulent accounting tricks and practices may have also negatively affected any credit rating, mortgage account and/or the debt or payments that I am currently, or may be legally obligated to.

I hereby demand absolute 1st hand evidence from you of the original uncertificated or certificated security regarding account # 0031936610. In the event you do not supply me with the very security it will be a positive confirmation on your part that you never really created and owned one.

I also hereby demand that a chain of transfer from you to wherever the security is now be promptly sent to me as well. Absent the actual evidence of the security I have no choice but to dispute the validity of your lawful ownership, funding, entitlement right, and the current debt you say I owe. By debt I am referring to the principal balance you claim I owe; the calculated monthly payment, calculated escrow payment and any fees claimed to be owed by you or any trust or entity you may service or sub-service for.

To independently validate this debt, I need to conduct a complete exam, audit, review and accounting of this mortgage account from its inception through the present date. Upon receipt of this letter, please refrain from reporting any negative credit information (if any) to any credit-reporting agency until you respond to each of the requests.

I also request that you conduct your own investigation and audit of this account since its inception to validate the debt you currently claim I owe. I would like you to validate the debt so that it is accurate to the penny!

Please do not rely on previous servicing companies or originators records, assurances or indemnity agreements and refuse to conduct a full audit and investigation of this account.

I understand that potential abuses by you or previous servicing companies could have deceptively, wrongfully, unlawfully, and/or illegally:
Increased the amounts of monthly payments;
Increased the principal balance I owe;
Increased the escrow payments;
Increased the amounts applied and attributed toward interest on this account;
Decreased the proper amounts applied and attributed toward the principal on this account; and/or
Assessed, charged and/or collected fees, expenses and miscellaneous charges I am not legally obligated to pay under this mortgage, note and/or deed of trust.

I request you insure that I have not been the victim of such predatory servicing and lending practices.

To insure this, I have authorized a thorough review, examination, accounting and audit of mortgage account #0031936610 by mortgage auditing and predatory servicing or lending experts. This exam and audit

will review this mortgage account file from the date of initial contact, application and the origination of this account to the present date written above.

Again, this is a Qualified Written Request under the Real Estate Settlement Procedures Act, codified as Title 12 section 2605(e) of the United States Code as well as a request under the Truth In Lending Act 15 U.S.C. section 1601. RESPA provides substantial penalties and fines for non-compliance or failure to answer my questions provided in this letter within sixty (60) days of its receipt.

In order to conduct the examination and audit of this loan, I need to have full and immediate disclosure including copies of all pertinent information regarding this loan. The documents requested and answers to my questions are needed by myself and others to ensure that this loan:

1-Was originated in lawful compliance with all federal and state laws, regulations including, but not limited to Title 62 of the Revised Statutes, RESPA, TILA, Fair Debt Collection Practices Act, HOEPA and other laws;

2-That the origination and/or any sale or transfer of this account or monetary instrument, was conducted in accordance with proper laws and was a lawful sale with complete disclosure to all parties with an interest;

3-That you disclose the claimed holder in due course of the monetary instrument/deed of trust/asset is holding such note in compliance with statutes, State and Federal laws and is entitled to the benefits of payments;

4-That all good faith and reasonable disclosures of transfers, sales, Power of Attorney, monetary instrument ownership, entitlements, full disclosure of actual funding source, terms, costs, commissions, rebates, kickbacks, fees etc. were and still are properly disclosed to me, including but not limited to the period commencing with the original loan solicitation through and including any parties, instruments, assignments, letters of transmittal, certificates of asset backed securities and any subsequent transfer thereof;

5-That each servicers and/or sub-servicers of this mortgage has serviced this mortgage in accordance with statute, laws and the terms of mortgage, monetary instrument/deed of trust, including but not limited to all accounting or bookkeeping entries commencing with the original loan solicitation through and including any parties, instruments, assignments, letters of transmittal, certificates of asset backed securities and any subsequent transfer thereof;

6-That each servicers and/or sub-servicers of this mortgage has serviced this mortgage in compliance with local, state and federal statutes, laws and regulations commencing with the original loan solicitation through and including any parties, instruments, assignments, letters of transmittal, certificates of asset backed securities and any subsequent transfer thereof, ;

7-That this mortgage account has been credited, debited, adjusted, amortized and charged correctly and disclosed fully commencing with the

original loan solicitation through and including any parties, instruments, assignments, letters of transmittal, certificates of asset backed securities and any subsequent transfer thereof ;

8-That interest and principal have been properly calculated and applied to this loan;

9-That any principal balance has been properly calculated, amortized and accounted for;

10-That no charges, fees or expenses, not obligated by me in any agreement, have been charged, assessed or collected from this account or any other related account arising out of the subject loan transaction.

In order to validate this debt and audit this account, I need copies of pertinent documents to be provided to me. I also need answers, certified, in writing, to various servicing questions. For each record kept on computer or in any other electronic file or format, please provide a paper copy of all information in each field or record in each computer system, program or database used by you that contains any information on this account or my name.

As such, please send to me, at the address above, copies of the documents requested below as soon as possible. Please also provide copies, front and back, of the following documents regarding account #00331936610:

1-Any certificated or uncertificated security used for the funding of this account;

2-Any and all "Pool Agreement(s)" or "servicing agreements" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any government sponsored entity, hereinafter GSE or other party;

3-Any and all "Deposit Agreement(s)" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

4-Any and all "Servicing Agreement(s)" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

5-Any and all "Custodial Agreement(s)" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

6-Any and all "Master Purchasing Agreement(s)" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

7-Any and all "Issuer Agreement(s)" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan

closing or documents pertaining thereto and any GSE or other party;

8-Any and all "Commitment to Guarantee" agreement(s) between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

9-Any and all "Release of Document" agreement(s) between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

10-Any and all "Master Agreement for Servicer's Principal and Interest Custodial Account" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

11-Any and all "Servicer's Escrow Custodial Account" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

12-Any and all "Release of Interest" agreement(s) between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

13-Any Trustee agreement(s) between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and trustee(s) regarding this account or pool accounts with any GSE or other party;

Please also send me copies, front and back, of:

1-Any documentation evidencing any trust relationship regarding the Mortgage/Deed of Trust and any Note in this matter;

2-Any and all document(s) establishing any Trustee of record for the Mortgage/Deed of Trust and any Note;

3-Any and all document(s) establishing the date of any appointment of Trustee Mortgage/Deed of Trust and any Note, including any and all assignments or transfers or nominees of any substitute trustees(s);

4-Any and all document(s) establishing any Grantor for this Mortgage/Deed of Trust and any Note;

5-Any and all document(s) establishing any Grantee for this Mortgage/Deed of Trust and any Note;

6-Any and all document(s) establishing any Beneficiary for this Mortgage/Deed of Trust and any Note;

7-Any documentation evidencing the Mortgage/Deed of Trust is not a constructive trust or any other form of trust;

8-All data, information, notations, text, figures and information contained in your mortgage servicing and accounting computer systems including, but not limited to Alltel or Fidelity CPI system, or any other similar mortgage servicing software used by you, any servicers, or sub-servicers of this mortgage account from the inception of this account to the date written above.

9-All descriptions and legends of all Codes used in your mortgage servicing and accounting system so the examiners and auditors and experts retained to audit and review this mortgage account may properly conduct their work.

10-All assignments, transfers, allonge, or other documents evidencing a transfer, sale or assignment of this mortgage, deed of trust, monetary instrument or other document that secures payment by me to this obligation in this account from the inception of this account to the present date including any such assignment on MERS.

11-All records, electronic or otherwise, of assignments of this mortgage, monetary instrument or servicing rights to this mortgage including any such assignments on MERS.

12-All deeds in lieu, modifications to this mortgage, monetary instrument or deed of trust from the inception of this account to the present date.

13-The front and back of each and every canceled check, money order, draft, debit or credit notice issued to any servicers of this account for payment of any monthly payment, other payment, escrow charge, fee or expense on this account.

14-All escrow analyses conducted on this account from the inception of this account until the date of this letter.

15-The front and back of each and every canceled check, draft or debit notice issued for payment of closing costs, fees and expenses listed on any and all disclosure statements including, but not limited to, appraisal fees, inspection fees, title searches, title insurance fees, credit life insurance premiums, hazard insurance premiums, commissions, attorney fees, points, etc.

16-Front and back copies of all payment receipts, checks, money orders, drafts, automatic debits and written evidence of payments made by others or me on this account.

17-All letters, statements and documents sent to me by your company.

18-All letters, statements and documents sent to me by agents, attorneys or representatives of your company.

19-All letters, statements and documents sent to me by previous servicers, sub-servicers or others in your account file or in your control or possession

or in the control or possession of any affiliate, parent company, agent, sub-servicers, servicers, attorney or other representative of your company.

20-All letters, statements and documents contained in this account file or imaged by you, any servicers or sub-servicers of this mortgage from the inception of this account to the present date.

21-All electronic transfers, assignments and sales of the note/asset, mortgage, deed of trust or other security instrument.

22-All copies of property inspection reports, appraisals, BPOs and reports done on my property.

23-All invoices for each charge such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense which has been charged to this mortgage account from the inception of this account to the present date.

24-All checks used to pay invoices for each charge such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense which has been charged to this account from the inception of this account to the present date.

25-All agreements, contracts and understandings with vendors that have been paid for any charge on this account from the inception of this account to the present date.

26-All account servicing records, payment payoffs, payoff calculations, ARM audits, interest rate adjustments, payment records, transaction histories, account histories, accounting records, ledgers, and documents that relate to the accounting of this account from the inception of this account to the present date.

27-All account servicing transaction records, ledgers, registers and similar items detailing how this account has been serviced from the inception of this account to the present date.

Further, in order to conduct the audit and review of this account, and to determine all proper amounts due, I need the following answers to questions concerning the servicing and accounting of this mortgage account from its inception to the present date. Accordingly, please provide me, in writing, the answers to the following questions:

In regards to Account Accounting and Servicing Systems:

1-Please identify for me each account accounting and servicing system used by you and any sub-servicers or previous servicers from the inception of this account to the present date so that experts can decipher the data provided.

2-For each account accounting and servicing system identified by you and any sub-servicers or previous servicers from the inception of this account to the present date, please provide the name and address of the company that

designed and sold the system.

3-For each account accounting and servicing system used by you and any sub-servicers or previous servicers from the inception of this account to the present date, please provide the complete transaction code list for each system so that I, and others can adequately audit this account.

In regards to Debits and Credits:

1-In a spreadsheet form or in letter form in a columnar format, please detail for me each and every credit on this account from the date such credit was posted to this account as well as the date any credit was received.

2- In a spreadsheet form or in letter form in a columnar format, please detail for me each and every debit on this account from the date such debit was posted to this account as well as the date any debit was received.

3-For each debit and credit listed, please provide me with the definition for each corresponding transaction code you utilize.

4-For each transaction code, please provide the master transaction code list used by you or previous servicers.

In regards to Mortgage and Assignments:

1-Has each sale, transfer or assignment of this mortgage, monetary instrument, deed of trust or any other instrument I executed to secure this debt been recorded in the county property records in the county and state in which my property is located from the inception of this account to the present date? Yes or No?

2-If not, why?

3-Is your company the servicer of this mortgage account or the holder in due course and beneficial owner of this mortgage, monetary instrument and/or deed of trust?

4-Have any sales, transfers or assignments of this mortgage, monetary instrument, deed of trust or any other instrument I executed to secure this debt been recorded in any electronic fashion such as MERS or other internal or external recording system from the inception of this account to the present date? Yes or No?

5-If yes, please detail for me the names of the seller, purchaser, assignor, assignee or any holder in due course to any right or obligation of any note, mortgage, deed of trust or security instrument I executed securing the obligation on this account that was not recorded in the county records where my property is located whether they be mortgage servicing rights or the beneficial interest in the principal and interest payments.

In regards to Attorney Fees:

For purposes of the questions below dealing with attorney fees, please consider attorney fees and legal fees to be one in the same.

1-Have attorney fees ever been assessed to this account from the inception of this account to the present date? Yes or No?

2-If yes, please detail each separate assessment, charge and collection of attorney fees to this account from the inception of this account to the present date and the date of such assessments to this account.

3-Have attorney fees ever been charged to this account from the inception of this account to the present date? Yes or No?

4- If yes, please detail each separate charge of attorney fees to this account from the inception of this account to the present date and the date of such assessments to this account.

5-Have attorney fees ever been collected from this account from the inception of this account to the present date? Yes or No?

6-If yes, please detail each separate collection of attorney fees to this account from the inception of this account to the present date and the date of such assessments to this account.

7-Please provide me with the name and address of each attorney or law firm that has been paid any fees or expenses related to this account from the inception of this account to the present date.

8-Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment, charge or collection of attorney fees.

9-Please detail and list for me in writing each separate attorney fee assessed from this account and for which each corresponding payment period or month such fee was assessed from the inception of this account to the present date.

10- Please detail and list for me in writing each separate attorney fee collected from this account and for which each corresponding payment period or month such fee was collected from the inception of this account to the present date.

11-Please detail and list for me in writing any adjustments in attorney fees assessed and on what date such adjustment was made and the reason for such adjustment.

12- Please detail and list for me in writing any adjustments in attorney fees collected and on what date such adjustment was made and the reason for such adjustment.

13-Has interest been charged on any attorney fees assessed or charged to this account? Yes or No?

14-Is interest allowed to be assessed or charged on attorney fees charged or assessed to this account? Yes or No?

15-How much total in attorney fees have been assessed to this account from the inception to the present date?

16-How much total in attorney fees have been collected from this account from the inception to the present date?

17-How much total in attorney fees have been charged to this account from the inception to the present date?

18-Please send me copies of all invoices and detailed billing statements from any law firm or attorney that has billed such fees that have been assessed or collected from this account from the inception to the present date.

In regards to Suspense/Unapplied Accounts:

For purposes of this section, please treat the term suspense account and unapplied account as one in the same.

1-Has there been any suspense or unapplied account transactions on this account from the inception of this account until the present date? Yes or No?

2-If yes, please explain the reason for each and every suspense transaction that occurred on this account. If no, please skip the questions in this section dealing with suspense and unapplied accounts.

3-In a spreadsheet or in letter form in a columnar format, please detail for me each and every suspense or unapplied transaction, both debits and credits that has occurred on this account from the inception of this account to the present date.

In regards to late fees:

For purposes of my questions below dealing with late fees, please consider the terms late fees and late charges to be one in the same.

1-Have you reported the collection of late fees on this account as interest in any statement to me or to the IRS? Yes or No?

2-Has any previous servicers or sub-servicers of this mortgage reported the collection of late fees on this account as interest in any statement to me or to the IRS? Yes or No?

3-Do you consider the payment of late fees as liquidated damages to you for not receiving payment on time? Yes or No?

4-Are late fees considered interest? Yes or No?

5-Please detail for me in writing what expenses and damages you incurred for any payment I made that was late.

6-Were any of these expenses or damages charged or assessed to this account in any other way? Yes or No?

7-If yes, please describe what expenses or damages were charged or assessed to this account.

8-Please describe for me in writing what expenses you or others undertook due to any payment I made, which was late.

9- Please describe for me in writing what damages you or others undertook due to any payment I made, which was late.

10-Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment or collection of late fees.

11-Please detail and list for me in writing each separate late fee assessed to this account and for which corresponding payment period or month such late fee was assessed from the inception of this account to the present date.

12-Please detail and list for me in writing each separate late fee collected from this account and for which corresponding payment period or month such late fee was collected from the inception of this account to the present date.

13-Please detail and list for me in writing any adjustments in late fees assessed and on what date such adjustment was made and the reason for such adjustment.

14-Has interest been charged on any late fee assessed or charged to this account? Yes or No?

15-Is interest allowed to be assessed or charged on late fees to this account? Yes or No?

16-Have any late charges been assessed to this account? Yes or No?

17-If yes, how much in total late charges have been assessed to this account from the inception of this account to the present date?

18-Please provide me with the exact months or payment dates you or other previous servicers or sub-servicers of this account claim I have been late with a payment from the inception of this account to the present date.

19-Have late charges been collected on this account from the inception of this account to the present date? Yes or No?

20-If yes, how much in total late charges have been collected on this

account from the inception of this account to the present date?

In regards to Property Inspections:

For the purpose of this section property inspection and inspection fee refer to any inspection of property by any source and any related fee or expense charged, assessed or collected for such inspection.

1-Have any property inspections been conducted on my property from the inception of this account to the present date? Yes or No?

2-If your answer is no, you can skip the rest of the questions in this section concerning property inspections.

3-If yes, please tell me the date of each property inspection conducted on my property that is the secured interest for this mortgage, deed of trust or note.

4-Please tell me the price charged for each property inspection.

5-Please tell me the date of each property inspection.

6-Please tell me the name and address of each company and person who conducted each property inspection on my property.

7-Please tell me why property inspections were conducted on my property.

8-Please tell me how property inspections are beneficial to me.

9-Please tell me how property inspections are protective of my property.

10-Please explain to me your policy on property inspections.

11-Do you consider the payment of inspection fees as a cost of collection? Yes or No?

12-If yes, why?

13-Do you use property inspections to collect debts? Yes or No?

14-Have you used any portion of the property inspection process on my property to collect a debt or inform me of a debt, payment or obligation I owe? Yes or No?

15-If yes, please answer when and why?

16-Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment or collection of property inspection fees.

17-Have you labeled in any record or document sent to me a property inspection as a miscellaneous advance? Yes or No?

18-If yes, why?

19-Have you labeled in any record or document sent to me a property inspection as a legal fee or attorney fee? Yes or No?

20-If yes, why?

21-Please detail and list for me in writing each separate inspection fee assessed to this account and for which corresponding payment period or month such fee was assessed from the inception of this account to the present date.

22- Please detail and list for me in writing each separate inspection fee collected from this account and for which corresponding payment period or month such fee was collected from the inception of this account to the present date.

23-Please detail and list for me in writing any adjustments in inspection fees assessed and on what date such adjustment was made and the reasons for such adjustment?

24- Please detail and list for me in writing any adjustments in inspection fees collected and on what date such adjustment was made and the reasons for such adjustment?

25-Has interest been charged on any inspection fees assessed or charged to this account? Yes or No?

26-If yes, when and how much was charged?

27-Is interest allowed to be charged on inspection fees charged or assessed to this account? Yes or No?

28-How much total in inspection fees has been assessed to this account from the inception of this account to the present date?

29-How much total in inspection fees has been collected on this account from the inception of this account to the present date?

30-Please forward to me copies of all property inspections made on my property in this mortgage account file.

31-Has any fee charged or assessed for property inspections been placed into an escrow account? Yes or No?

In regards to BPO Fees:

1-Have any BPOs (Broker Price Opinions) been conducted on my property? Yes or No?

2- If your answer is no, you can skip the rest of the questions in this section

concerning BPOs.

3-If yes, please tell me the date of each BPO conducted on my property that is the secured interest for this mortgage, deed of trust or note.

4-Please tell me the price of each BPO.

5-Please tell me who conducted the BPO.

6-Please tell me why BPOs were conducted on my property.

7-Please tell me how BPOs are beneficial to me.

8-Please tell me how BPOs are protective of my property.

9-Please explain your policy on BPOs.

10-Have any BPO fees been assessed to this account? Yes or No?

11-If yes, how much in total BPO fees have been charged to this account?

12-Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment, charge or collection of a BPO fee from me.

13-Please send to me copies of all BPO reports that have been done on my property.

14-Has any fee charged or assessed for a BPO been placed into an escrow account? Yes or No?

In regards to Force-Placed Insurance:

1-Have you placed or ordered any force-placed insurance policies on my property?

2-If yes, please tell me the date of each policy ordered or placed on my property that is the secured interest for this mortgage, deed of trust or note.

3-Please tell me the price of each policy.

4-Please tell me the agent for each policy.

5-Please tell me why each policy was placed on my property.

6-Please tell me how the policies are beneficial to me.

7-Please tell me how the policies are protective of my property.

8-Please explain to me your policy on force-placed insurance.

9-Have any force-placed insurance fees been assessed to this account? Yes or No?

10-If yes, how much in total force-placed insurance fees have been assessed to this account?

11-Have any force-placed insurance fees been charged to this account? Yes or No?

12-If yes, how much in total force-placed insurance fees have been charged to this account?

13-Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment, charge or collection of force-placed insurance fees from me.

14-Do you have any relationship with the agent or agency that placed any policies on my property? If yes, please describe.

15-Do you have any relationship with the carrier that issued any policies on my property? If yes, please describe.

16-Has the agency or carrier you used to place a forced-placed insurance on my property provided you any service, computer system, discount on policies, commissions, rebates or any form of consideration? If yes, please describe.

17-Do you maintain a blanket insurance policy to protect your properties when customer policies have expired? Yes or No?

18-Please send to me copies of all forced-placed insurance policies that have been ordered on my property from the inception of this account to the present date.


In regards to Servicing:

For each of the following questions listed below, please provide me with a detailed explanation in writing that answers each question. In addition, I need the following answers to questions concerning the servicing of this account from its inception to the present date.

1-Did the originator or previous servicers of this account have any financing agreements or contracts with your company or an affiliate of your company?

2-Did the originator or previous servicers of this account have any financing agreements or contracts with your company or an affiliate of your company?

3-Did the originator or previous servicers of this account receive any compensation, fee, commission, payment, rebate or other financial consideration from your company or affiliate of your company for handling, processing, originating or administering this loan? If yes, please describe

and itemize each and every form of compensation, fee, commission, payment, rebate or other financial consideration paid to the originator of this account by your company or any affiliate.

4-Please identify for me where the originals of this entire account file are currently located and how they are being stored, kept and protected.

5-Where is the original monetary instrument or mortgage I signed located? Please describe its physical location and anyone holding this note as a custodian or trustee if applicable.

6-Where is the original deed of trust or mortgage and note I signed located? Please describe its physical location and anyone holding this note as a custodian or trustee if applicable.

7-Since the inception of this account, has there been any assignment of my monetary instrument/asset to any other party? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignments.

8-Since the inception of this account, has there been any assignment of the deed of trust or mortgage and note to any other party? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignments.

9- Since the inception of this account, has there been any sale or assignment of the servicing rights to this mortgage account to any other party? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignments or sale.

10-Since the inception of this account, have any sub-servicers serviced any portion of this mortgage account? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has sub-serviced this mortgage account.

11-Has this mortgage account been made a part of any mortgage pool since the inception of this loan? If yes, please identify for me each and every account mortgage pool that this mortgage has been a part of from the inception of this account to the present date.

12-Has each and every assignment of my asset/monetary instrument been recorded in the county land records where the property associated with this mortgage account is located?

13-Has there been any electronic assignment of this mortgage with MERS (Mortgage Electronic Registration System) or any other computer mortgage registry service or computer program? If yes, identify the name and address of each and every individual, entity, party, bank, trust or organization or servicers that have been assigned to mortgage servicing rights to this account as well as the beneficial interest to the payments of principal and interest on this loan.

14-Have there been any investors (as defined by your industry) who have participated in any mortgage-backed security, collateral mortgage obligation or other mortgage security instrument that this mortgage account has ever been a part of from the inception of this account to the present date? If yes, identify the name and address of each and every individual, entity, organization and/or trust.

15-Please identify for me the parties and their addresses to all sales contracts, servicing agreements, assignments, alonges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from the inception of this account to the present date.

16-Please provide me with copies of all sales contracts, servicing agreements, assignments, alonges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from the inception of this account to the present date.

17-How much was paid for this individual mortgage account by you?

18-If part of a mortgage pool, what was the principal balance used by you to determine payment for this individual mortgage loan?

19-If part of a mortgage pool, what was the percentage paid by you of the principal balance above used to determine purchase of this individual mortgage loan?

20-Who did you issue a check or payment to for this mortgage loan?

21-Please provide me with copies of the front and back of the canceled check.

22-Did any investor approve of the foreclosure of my property? Yes or No?

23-Has HUD assigned or transferred foreclosure rights to you as required by 12 USC 3754?

24-Please identify all persons who approved the foreclosure of my property.


Please provide me with the documents I have requested and a detailed answer to each of my questions within the lawful time frame. Upon receipt of the documents and answers, an exam and audit will be conducted that may lead to a further document request and answers to questions under an additional RESPA Qualified Written Request letter.

Copies of this Qualified Written Request, Validation of Debt, TILA and request for accounting and legal records, Dispute of Debt letter are being sent to FTC, HUD, Thrift Supervision, and all relevant state and federal regulators; and other consumer advocates; and my congressman.

It is my hope that you answer this RESPA request in accordance with law and the questions, documents and validation of debt to the penny and

correct abuses or schemes uncovered and documented.

Default Provisions under this QUALIFIED WRITTEN REQUEST

Deutshe Bank National Trust Company, as Trustee and Ocwen Loan Servicing or any agents, transfers, or assigns omissions of or agreement by silence of this RESPA REQUEST via certified rebuttal of any and all points herein this RESPA REQUEST, agrees and consents to including but not limited by any violations of law and/or immediate terminate/remove any and all right, title and interest (liens) in John William Stewart or any property or collateral connected to John William Stewart or account #0031936610 and waives any and all immunities or defenses in claims and or violations agreed to in this RESPA REQUEST including but not limited by any and all:

1-John William Stewart's right, by breach of fiduciary responsibility and fraud and misrepresentation revocation and rescinding any and all power of attorney or appointment Deutshe Bank National Trust Company, as Trustee and Ocwen Loan Servicing  may have or may have had in connection with account #0031936610 and any property and/or real estate connected with account #0031936610.

2-John William Stewart's right to have any certificated or uncertificated security re-registered in John William Stewart's, and only John William Stewart's name.

3-John William Stewart's right of collection via Deutshe Bank National Trust Company, as Trustee and Ocwen Loan Servicing liability insurance and/or bond.

4-John William Stewarts entitlement in filing and executing any instruments, as power of attorney for and by Deutshe Bank National Trust Company, as Trustee and Ocwen Loan Servicing;, including but not limited by a new certificated security or any security agreement perfected by filing a UCC Financing Statement with the Secretary of State in the State where Deutshe Bank National Trust Company, as Trustee and Ocwen Loan Servicng is located.

5-John William Stewart's right to damages because of Deutshe Bank National Trust Company, as Trustee and Ocwen Loan Servicing's wrongful registration, breach of intermediary responsibility with regard to John William Stewart's asset by Deutshe Bank National Trust Company, as Trustee and Ocwen Loan Servicing issuing to John William Stewart a certified check for the original value of John William Stewart's monetary instrument.

6-John William Stewart's right to have account #0031936610 completely set off because Deutshe Bank National Trust Company, as Trustee and Ocwen Loan Servicing's wrongful registration, breach of intermediary responsibility with regard to John William Stewart's monetary instrument/asset by Deutshe Bank National Trust Company, as Trustee and Ocwen Loan Servicing  sending confirmation of set off of wrongful liability

of John William Stewart and issuing a certified check for the difference between the original value of John William Stewart's monetary instrument/asset and what John William Stewart mistakenly sent to Deutshe Bank National Trust Company, as Trustee and Ocwen Loan Servicing as a payment for such wrongful liability.

Deutshe Bank National Trust Company, as Trustee and Ocwen Loan Servicing or any transfers, agents or assigns offering a rebuttal of this RESPA REQUEST must do so in the manner of this RESPA REQUEST in accordance of and in compliance with current statutes and/or laws by signing in the capacity of a fully liable man or woman being responsible and liable under the penalty of perjury while offering direct testimony with the official capacity as appointed agent for Deutshe Bank National Trust Company, as Trustee and Ocwen Loan Servicing in accordance with Deutshe Bank National Trust Company, as Trustee and Ocwen Loan Servicing 's Articles of Incorporation, By Laws duly signed by a current and duly sworn under oath director(s) of such corporation/ Holding Corporation/ National Association. Any direct rebuttal with certified true and complete accompanying proof must be posted with the Notary address herein within sixty days. When no verified rebuttal of this RESPA REQUEST is made in a timely manner, a "Certificate of Non-Response" serves as Deutshe Bank National Trust Company, as Trustee and Ocwen Loan Servicing's judgment and consent/agreement by means of silence with any and all claims and/or violations herein-stated in the default provisions or any other law.

Power of Attorney: When Deutshe Bank National Trust Company, as Trustee and Ocwen Loan Servicing fails by not rebutting to any part of this RESPA REQUEST Deutshe Bank National Trust Company, as Trustee and Ocwen Loan Servicing agrees with the granting unto John William Stewart's unlimited Power of Attorney and any and all full authorization in signing and endorsing Deutshe Bank National Trust Company, as Trustee and Ocwen Loan Servicing's name upon any instruments in satisfaction of the obligations of this RESPA REQUEST/Agreement or any agreement arising from this agreement. Pre-emption of or to any Bankruptcy proceeding shall not discharge any obligations of this agreement. Consent and agreement with this Power of Attorney by Deutshe Bank National Trust Company, as Trustee and Ocwen Loan Servicing waives any and all claims of John William Stewart and/or defenses and remains in effect until the satisfaction of all obligations by Deutshe Bank National Trust Company, as Trustee and Ocwen Loan Servicing have been satisfied.

John William Stewart
Pro Se Plaintiff
10707 Eagle Glen Drive
Knoxville, TN 37922

## CERTIFICATE OF SERVICE

I, HEREBY CERTIFY that a true and correct copy of the foregoing Qualified Written Request For Production of Documents, Complaint, Dispute Of Debt And Validation Of Debt Letter, TILA Request has been mailed postage prepaid to:

Deutshe Bank National Trust Company, as Trustee
Ocwen Loan Servicing
C/O Shapiro and Kirsch, LLP.
6055 Primacy Parkway
Suite 410
Memphis, TN 38119

This the 15th day of October, 2008

John William Stewart