**FILED**
2009 JAN 30 P 2:29
U.S. DISTRICT COURT
EASTERN DIST. TENN.
BY_____ DEPT. CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| John William Stewart )<br>)<br>)<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>)<br>)<br>New Century Mortgage Corporation, )<br>Deutshe Bank National Trust Company, as Trustee , )<br>Ocwen Loan Servicing , Shapiro and Kirsch LLP., )<br>Tennessee Home Mortgage, and "John Doe" )<br>identified as all Persons having an ownership )<br>interest in the mortgage lien on subject property )<br>claiming any legal or equitable right title, )<br>estate, lien or right, title, estate, lien or interest in )<br>the property described in this complaint adverse )<br>to Plaintiff's title thereto inclusive. ) | **FIRST AMENDED**<br>**COMPLAINT FOR QUIET TITLE**<br>**FRAUD AND MISREPRESENTATIONS,**<br>**BREACH OF CONTRACT, DECLATORY**<br>**RELIEF AND INJUNCTIVE RELIEF**<br><br><br>**CIVIL ACTION NO. 3:08-CV-475** |

Defendants

Comes now the Plaintiff pro se and alleges the following to this Honorable Court:

1. Plaintiff John William Stewart (hereinafter "Plaintiff") Individual over the age of eighteen (18) and is, and was at all times mentioned herein, a resident of Knoxville, Knox County, Tennessee and is the true equitable owner s and sole title holder s of real property located at 10707 Eagle Glen Drive, Knoxville, Tennessee 37922 (hereinafter the "Property". A legal description of the Property is Lot Number (7), Eagle Glen Subdivision, Unit 1 as shown by map of the same of record in Map Cabinet K, Slide 96-C, in the Register's Office for Knox County, Tennessee to which map reference is hereby made for a more particular description of said property.

1

Case 3:08-cv-00475-TWP-HBG   Document 6   Filed 01/30/09   Page 1 of 19   PageID #: 76

2. Plaintiff is also the Trustor of a deed of trust on October 25, 2002 Instrument No 200211070040905 hereinafter "Deed of Trust"), in the Knox County Register's Office First Security Title was the beneficiary of the Deed of Trust, relating to loan number which is currently referenced as 0031936610.

3. Plaintiff is ignorant of the true names and capacities of defendants sued herein as inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

4. Plaintiff is informed and believes and thereon alleges that, based upon the SEC filings, and recent consultation with experts in mortgage backed securities, Plaintiff unknowingly entered into agreements wherein loan payments could be allocated to payments due on notes from OTHER borrowers in whole or in part — as consequence of the cross guarantee agreements between tranches in the SPV and between SPV.

7. Plaintiff is informed and further believe and thereon alleges that Defendant's cross guarantee agreements were an overcollateralization of the loan and as part of the overall scheme of issuance of the note and insurance purchased with the proceeds of sale of the loan to Defendant and investors in which reserve pools and guarantees of payment were created through payments to third parties, none of which was disclosed to Plaintiff.

8. Plaintiff is informed and believes and thereupon alleges that, Defendants unknown to Plaintiff claim an interest in the property adverse to plaintiff herein. However, the claim of said Defendant is without any right whatsoever, and said Defendants have not legal or equitable right, claim, or interest in said property.

10. Plaintiff's search of the SEC database known as the EDGAR database which makes public all fillings required by the SEC a party finds certain legal filling required by SEC to establish a publicly traded "special purpose vehicle" or SIV industry parlance which provide the following information..

(a) New Century Mortgage Securities, Inc. as Depositor for New Century Mortgage Corporation as the Master Servicer (who entered into a sale and servicing agreement dated March 01, 2003.

(b) That the trustee is Deutshe Bank National Trust Company
http://www.secinfo.com

(c) That the primary servicer is Ocwen Federal Bank

(d) New Century Mortgage Corporation and its affiliates are the originators of the mortgages to be included in the trust fund
http://www.secinfo.com

(e) The following additional information is also found:

The Mortgage Loans will be assigned by the Depositor to the Trustee, together with all principal and interest received with respect to such Mortgage Loans on and after the Cut-off Date (other than Scheduled assignment, authenticate and deliver the Certificates. Each Mortgage Loan will be identified in a schedule appearing as an exhibit to the Trust Agreement which will specify with respect to each Mortgage Loan, among other things, the original principal balance and the Scheduled Principal Balance as of the close of business on the Cut-off Date, the Mortgage Rate, the Scheduled Payment, the maturity date, the Servicer and the Custodian of the Mortgage file, whether the Mortgage Loan is covered by an LMPI Policy and the applicable Prepayment Premium provisions, if any.

The Depositor shall deliver to and deposit with the Custodian as the duly appointed agent of the Trust for such purposes, the following original documents or instruments (or copies thereof as permitted by the Section) with respect to each Mortgage Loan assigned:

(1) In accordance with the trust agreement, the related original mortgage note endorsed in blank without recourse the (2) the original mortgage

3

with evidence of recording indicated thereon (or if such recordation has not yet been returned by the recording office, a copy thereof certified to be a true and complete copy of such mortgage sent for recording

(h) The depositor represented to the trust that immediately prior to the transfer and assignment of the Mortgage Loans to the Trustee, the Depositor was the sole owner of record and holder of each Mortgage Loan, and the Depositor had good and marketable title thereto, and had full right to transfer and sell each Mortgage Loan to the Trustee free and clear section 2.01 (c) (ii).

(l) Concurrently with the execution and delivery of this Agreement, the depositor does hereby transfer, assign, set over, deposit with and otherwise convey to the Trustee, without recourse, subject to Sections 2.02, 2.04, 2.05 and 2.06, in trust, all the right, title and interest of the Depositor in and to the mortgage Loans. Such conveyance includes, without limitation, the right to all payments of principal and interest received on or with respect to the Mortgage Loans on and after the Cut-off Date. Section 2.01 (a)

(m) The Depositor, concurrently with the execution and delivery hereof, does hereby assign to the Trustee without recourse all the right, title and interest of the Depositor in and to (i) the Mortgage Loans, including all interest and principal on or with respect to the Mortgage Loans due on or after the Cut-off Date (other than Monthly Payments due on the Mortgage Loans in the month of the Cut-off Date); and (ii) all proceeds of the foregoing. In addition,
on the Closing Date, the Supplemental Interest Trust Trustee is hereby directed to enter into (A) the Swap Agreements on behalf of the Supplemental Interest Trust with the Swap Counterparty and (B) the Yield Maintenance Agreement on behalf of the Supplemental Interest Trust with the Yield Maintenance Agreement Provider.

(b) In connection with such assignment, and contemporaneously with the delivery of this Agreement, the Depositor delivered or caused to be delivered hereunder to the Trustee or a Custodian, and except as set forth in Section 2.01(c) below and subject to Section 2.01(d) below, the Depositor does hereby (1) with respect to each Mortgage Loan, deliver to the Master Servicer (or an Affiliate of the Master Servicer) each of the documents or instruments described
in clause (I) (ii) below (and the Master Servicer shall hold (or cause such Affiliate to hold) such documents or instruments in trust for the use and benefit of all present and future Certificate holders), (2) with respect to each MOM Loan, deliver to and deposit with the Trustee, or the Custodian as the duly appointed agent of the Trustee for such purpose, the documents or instruments described in clauses (I) (i) and (v) below, (3) with respect to each Mortgage Loan that is not a MOM Loan but is registered on the MERS(R) System, deliver to and deposit with the Trustee, or the Custodian as the duly appointed agent of the Trustee for such purpose, the documents or instruments described in clauses (I)(i), (iv) and (v) below and (4) with respect to each Mortgage Loan that is not a MOM Loan and is not registered on the MERS(R) System, deliver to and deposit with the Trustee, or the Custodian as the duly appointed agent of the Trustee for such purpose, the documents or instruments described in clauses (I)(i), (iii), (iv) and (v) below and clause (II) below:

(I) with respect to each Mortgage Loan (other than a Cooperative Loan) so assigned:

(i) The original Mortgage Note, endorsed without recourse to the order of the Trustee and showing an unbroken chain of endorsements from the originator thereof to the Person endorsing it to the Trustee, or with respect to any Destroyed Mortgage Note, an original lost note affidavit from the related Seller or Residential Funding stating that the original Mortgage Note was lost, misplaced or destroyed, together with a copy of the related Mortgage Note;

5

(ii) The original Mortgage, noting the presence of the MIN of the Mortgage Loan and language indicating that the Mortgage Loan is a MOM Loan if the Mortgage Loan is a MOM Loan, with evidence of recording indicated thereon or, if the original Mortgage has not yet been returned from the
public recording office, a copy of the original Mortgage with evidence of recording indicated thereon;

(iii) The Assignment (which may be included in one or more blanket assignments if permitted by applicable law) of the Mortgage to the Trustee with evidence of recording indicated thereon or a copy of such assignment with evidence of recording indicated thereon;

(iv) The original recorded assignment or assignments of the Mortgage showing an unbroken chain of title from the originator to the Person assigning it to the Trustee (or to MERS, if the Mortgage Loan is registered on the MERS(R)
System and noting the presence of a MIN) with evidence of recordation noted thereon or attached thereto, or a copy of such assignment or assignments of the Mortgage with evidence of recording indicated thereon; and (v)  The original of each modification, assumption agreement or preferred loan agreement, if any, relating to such Mortgage Loan, or a copy of each modification, assumption agreement or preferred loan agreement.

11. The documents or record in this case tend to show that the mortgage that is subject of this litigation (which includes the assignments of record) do not convey the subject trust which seeks to foreclose on Plaintiff's home
12. In Fact, the documents of record indicate that there is an assignment to Deutshe Bank National Trust Company,as Trustee ,as Trustee and/or Ocwen Loan Servicing.

13. These purported assignments tend to convey each of the following irregularities rendering the assignments invalid and legally unenforceable:

   a.) The documents purport to ultimately convey the mortgage to Deutshe Bank National Trust Company,as Trustee ,. However, the documents from the defendants Shapiro and Kirsch, LLC tend to show the name of New Century Mortgage Corporation and not the Trust.
   b.) The only entity that could convey the mortgage to the trust is New Century Mortgage Corporation.
   c.) Therefore , the assignments of record which purport to assign directly to Deutshe Bank National Trust Company,as Trustee fail to convey the mortgage to the trust

14. Also, even though these documents were recorded in 2002, and possibly fabricated, they fail to follow the basic steps for conveyance to the trust and there is no assignment to the depositor New Century Mortgage Securities, Inc.

16. On September 8th, 2008, Plaintiff requested the name of the true holder in due course pursuant to 15 USC 1641(f) (2) bust as of the date of the filing of this complaint, Plaintiff has not received any proof.

17. In all of the wrongful acts alleged in the complaint, the Defendants and each of them have utilized the United States mail in furtherance of their pattern of conduct to unlawfully collect on negotiable instruments when they were not entitled under the law to do so, and assuming *arguendo* that they did have the right to foreclose under the note, to profit from those actions in amounts greater than their rights under the not to do so.

18. In pursuing non-judicial foreclosure, Defendants and each of them represented that they had the right to payment under the note, payment of which was secured by the security instrument.

7

19. The true facts were that they were not in possession of the note and they were not either holder of the note or non-holders of the note entitled to payment, as those terms are used in Commercial Code 3301, 3309, and therefore they proceeded to foreclose non-judicially without right under the law. Further, they added cost and charges to the payoff amount of the note that were not justified and proper under the terms of the note or the law.

20. Further, should these defendants be willing to creep out onto the proverbial limb and argue that Deutshe Bank National Trust Company, as Trustee, and/or Ocwen Loan Servicing is the owner of said loan, the Plaintiff's would posit only one question: As trust for whom is Deutshe Bank National Trust Company, as Trustee and/or Ocwen Loan Servicing the owner of said loan?

21. As the finder of fact may have now guessed, if the finder of fact is not bored to tears by now, a trustee cannot go beyond his powers set forth in the trust which grants him his powers.

22. Deutshe Bank National Trust Company, as Trustee, "as trustee" has no power to act beyond the power granted in its trust agreement. If Deutshe Bank National Trust Company, as Trustee, and/or Ocwen Loan Servicing intends to claim that is not attempting to foreclose for New Century Mortgage Corporation MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES Series 2003-2 then the court should either require Deutshe Bank National Trust Company, as Trustee, and/or Ocwen Loan Servicing and Shapiro and Kirsch to set forth in specific terms who it claims owns the mortgage in question and who Deutshe Bank National Trust Company, as Trustee, is serving as trustee for so that Plaintiff may have the benefit of reviewing Deutshe Bank's responsibilities and obligations under any alternative trust that it would like to claim own the Plaintiff mortgage or equitable estop these Defendants from so claiming based on their prior representations to this Court.

23. Further, the potential owners are quite numerous should these defendants go out on that proverbial limb even further (and should this Court allow them to do so) as even a cursory glance of SEC Filings shows that there are currently no less than 32 active trusts for mortgage backed securities which Deutshe Bank National Trust Company, as Trustee, serves as trustee

8

24. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties in that Plaintiff contends that Defendants had no authority to sell the Property because they failed to record and acknowledged the assignment, as required by law.

25. Plaintiff further contends that Defendants also lack standing because Plaintiff's Deed of Trust has been placed in a "pooling agreement" trust which, by specific provision applicable to the, cannot profit from Plaintiff's Security.

26. Plaintiff contends that said sale was wrongful, illegal, in violation of law and the documents governing the relationship between the Plaintiffs and the owners of the Plaintiff's mortgage.

27. The Plaintiff contends that the foreclosing entity lacked standing to initiate a foreclosure and the foreclosure is void or at least voidable and that no title has passed to Deutshe Bank National Trust Company, as Trustee, and/or Ocwen Loan Servicing as there was no legal title to pass to it from the foreclosing entity.

28. Plaintiff desires a judicial determination of their rights and duties and a declaration that the Notice of Default and Election to Sell Under Deed of Trust and the Notice of Trustee's Sale and all related documents are void and have no force or effect because Defendant have no power of sale as the purported assignment of Deed of Trust was never recorded and Defendants are without any right or authority whatsoever to sell the Property, and such Defendants have no right, interest, title, estate or lien whatsoever in the Property.

29. The Plaintiff alleges that the action of Deutshe Bank National Trust Company, as Trustee and/or Ocwen Loan Servicing, Shapiro and Kirsch and their agents, employees and servants were wrongful and tortious.

30. The Plaintiff alleges that the actions of Shapiro and Kirsch and Deutshe Bank National Trust Company, as Trustee, and/or Ocwen Loan Servicing NA in attempting to eject them from their home and wrongfully foreclosing is a violation of law, wrongful and tortious and that Deutshe

9

Complaint
Case 3:08-cv-00475-TWP-HBG   Document 6   Filed 01/30/09   Page 9 of 19   PageID #: 84

Bank National Trust Company, as Trustee , and/or Ocwen Loan Servicing hold no title to their home or property, and that its actions constitute negligence, wantonness, and slander of title.

31. The Plaintiff alleges that the actions of Deutshe Bank National Trust Company, as Trustee , and/or Ocwen Loan Servicing coupled with the actions of Shapiro and Kirsch and their employees, agents and servants were a civil conspiracy to deprive the Plaintiff of his property and defraud the Plaintiff and the Investors of the Trust monies wherein these parties were engaged in a civil conspiracy to falsify legal documents for the purpose of foreclosing on homes of individuals under a colorable title of right for the purpose of generating profits and income from the act of depriving individuals of their homes and for the purpose of unjustly enriching the participants of the joint venture at the expense of the unsuspecting an unknowing.

32. The Plaintiff alleges that Deutshe Bank National Trust Company, as Trustee , and/or Ocwen Loan Servicing had the right to choose and control the attorneys who it hired to foreclose on loans and by having such control is liable for the wrongful and tortuous conduct of their agents, employees and servants.

33. Plaintiff therefore seeks a declaration that the title to the subject property is vested in plaintiff alone and that the defendant herein, and each of them, be declared to have no estate, right, title or interest in the subject property and that said defendant, and each of them, be forever enjoined from asserting any estate, right, title or interest in the subject property adverse to plaintiff herein.

34. As a direct result of the acts complained by the Plaintiff, Plaintiff has been caused to suffer great mental anguish, economic and emotional damages and claims from the defendants all damages allowable under the law.

### First Claim

### (Promissory Fraud, Concealment and Suppression of Fact, Misrepresentation)

35. Plaintiff reallege all prior paragraphs of the pleading as if set out here in full.

36. Plaintiff alleges in the entire course of foreclosure, Plaintiff was a victim of intentional misrepresentation. Defendant failed to disclose the relationships among all parties involved (including, any servicer, any custodian, any depository, any Special Purpose Vehicle of Special Purpose Entity etc. etc.), the structure of the securities offered (including the flow of funds or any subordination features) and any other material features of any transaction concerning the sale, transfer or assignment of the loan at any time.

37. Plaintiff believes that Defendants are part of a Pooling and Servicing Agreement which hold securitized bonds and that Plaintiff's Deed of Trust is purported to one of many in the trust pool. Defendants concealed this information and made further misrepresentations to deceive Plaintiff in order to foreclose on the property.

38. The Aforementioned actions of Defendants were intentional misrepresentations and concealment of material facts known to the Defendants with the intention of depriving the Plaintiff of property and legal rights and, otherwise, causing injury, and those acts constitute malicious, despicable conduct that subjected Plaintiff to unjust hardship in conscious disregard of his rights sufficient as to justify an award of exemplary and punitive damages.

39. As a result of Defendants' fraudulent misrepresentations, Plaintiff has been damaged in an amount according to proof.

**Second Claim**
**(Negligence)**

40. Plaintiff realleges all prior paragraphs of the pleading as if set out here in full.

41. Deutshe Bank National Trust Company, as Trustee , and/or Ocwen Loan Servicing and Shapiro and Kirsch negligently are attempting to eject Plaintiff from the home he rightfully owns since the foreclosure performed by Shapiro and Kirsch is void.

11

Complaint
Case 3:08-cv-00475-TWP-HBG   Document 6   Filed 01/30/09   Page 11 of 19   PageID #: 86

42. As a direct result of the Deutshe Bank National Trust Company,as Trustee and/or Ocwen Loan Servicing and Shapiro and Kirsch negligence, the Plaintiff were injured and damages as alleged above and has suffered mental anguish, economic injury and all other damages allowed by law.

43. As a result thereof, the plaintiff/counter-defendant is liable for all natural, proximate and consequential damages due to its negligence.

### Third Claim for Relief
### (Wantonness)

44. The Plaintiffs realleges all prior paragraphs of the pleading as if set out here in full.

45. Deutshe Bank National Trust Company,as Trustee, and/or Ocwen Loan Servicing and Shapiro and Kirsch with reckless indifference to the consequences, consciously and intentionally are acting to eject the Plaintiff from the home he rightfully owns.

46. Deutshe Bank National Trust Company,as Trustee and/or Ocwen Loan Servicing and Shapiro and Kirsch with reckless indifference to the consequences, consciously and intentionally instituted this action with the knowledge that the home of the Plaintiff does not belong to Deutshe Bank National Trust Company,as Trustee , and/or Ocwen Loan Servicing and is part of a securitized pooling agreement which is purported to one of many in a trust.

47. As a result thereof, Deutshe Bank National Trust Company,as Trustee , and/or Ocwen Loan Servicing and Shapiro and Kirsch are liable for all natural, proximate and consequential damages due to their wantonness as well as punitive damages upon a proper evidentiary showing.

### Fourth Claim for Relief
### Respondeat Superior Liability

48. The Plaintiff realleges all prior paragraphs of the pleading as if set out here in full.

49. Deutshe Bank National Trust Company, as Trustee, and/or Ocwen Loan Servicing, directed, or controlled the actions of Shapiro and Kirsch and its employee and associates.

50. Shapiro and Kirsch who is a third party defendant in this action, serves at the leisure of both the Trust and Trustee and/or is a part of a joint venture with the Trust. These parties are alleged, upon information and belief, to be engaged in a civil conspiracy to engage in conduct which is unlawful for the purpose of unjustly enriching the members or participants in the joint venture.

51. Deutshe Bank National Trust Company, as Trustee, and/or Ocwen Loan Servicing is liable in tort for all of the wrongful actions of its agent, employee or servants, Shapiro and Kirsch.

52. The Plaintiff claims all damages allowable under law for these wrongful actions.

### Fifth Cause of Action

### Negligent or Wanton Hiring, Supervision, Training or Retention

53. The Plaintiff realleges all prior paragraphs of the pleading as if set out here in full.

54. Deutshe Bank negligently or wantonly hired, trained, supervised or retained the third party defendant Shapiro and Kirsch.

55. As a result of the negligence or wantonness, depending on evidence adduced, the Plaintiff was injured and damaged by the actions of Shapiro and Kirsch.

56. As a result, Deutshe Bank National Trust Company, as Trustee, and/or Ocwen Loan Servicing is liable for all damages proximately and directly flowing from these actions by their agents, employees or servant, Shapiro and Kirsch.

13

### Sixth Claim for Relief

### Slander of Title

57. The Plaintiff realleges all prior paragraphs of the pleading as if set out here in full.

58. Deutshe Bank National Trust Company, as Trustee and/or Ocwen Loan Servicing and Shapiro and Kirsch in filing a foreclosure deed – which is void – has caused a cloud to be placed on the title of the Plaintiff's property

59. As the proximate cause of Deutshe Bank National Trust Company, as Trustee and/or Ocwen Loan Servicing and Shapiro and Kirsch said slandering of the Plaintiff's title, the Plaintiff was caused to suffer injuries and damages and claim all damages allowable under law.

### Seventh Cause of Action

### Joint Venture Liability

60. The Plaintiff realleges all prior paragraphs of the pleading as if set out here in full.

61. Deutshe Bank National Trust Company, as Trustee and/or Ocwen Loan Servicing and Shapiro and Kirsch, Plaintiff are part of a joint venture defined by controlling law.

62. Each member of a joint venture is jointly and severally liable for any tortious act of any member of the joint venture against the Plaintiffs

63. As a result thereof, the defendants reallege in its entirety the complete third party complaint against Deutshe Bank National Trust Company, as Trustee and/or Ocwen Loan Servicing and Shapiro and Kirsch as grounds for their joint venture liability

14

64. As a result thereof the actions of the joint ventures, the Plaintiff have been injured and damaged as heretofore alleged.

## Eighth Cause of Action
## Unjust Enrichment

65. The Plaintiff realleges all prior paragraphs of the pleading as if set out here in full.

66. The actions of Deutshe Bank National Trust Company, as Trustee and/or Ocwen Loan Servicing and Shapiro and Kirsch and prior in foreclosing on the home of the Plaintiffs in violation of law resulted in Deutshe Bank National Trust Company, as Trustee and/or Ocwen Loan Servicing and Shapiro and Kirsch being unjustly enriched by the payment of fees, insurance proceeds and equity in the home.

67. As a result of Deutshe Bank National Trust Company, as Trustee and/or Ocwen Loan Servicing and Shapiro and Kirsch actions and unjust enrichment, the Plaintiffs has been injured and damages in that the Plaintiffs have lost their home and have lost any equity in their home resulting in emotional damages including mental anguish.

68. The Plaintiff claims all damages allowable under law as a result of Deutshe Bank National Trust Company, as Trustee and/or Ocwen Loan Servicing and Shapiro and Kirsch wrongful conduct and unjust enrichment.

## Ninth Cause of Action
## Civil Conspiracy

71. The Plaintiff realleges all prior paragraphs of the pleading as if set out here in full.

72. Deutshe Bank National Trust Company, as Trustee and/or Ocwen Loan Servicing and Shapiro and Kirsch engaged in an unlawful combination and conspiracy to foreclose on home loans against

15

individuals for the purpose of unjustly enriching themselves in violation of law. This unlawful activity had the effect of unjustly enriching the joint venturers and conspirators.

73. As a result of this civil conspiracy, civil wrongs were committed against the Plaintiffs and other consumers. The motivation for the civil conspiracy was a third party defendant's greed.

74. As a result of the civil conspiracy the Plaintiff claims all damages allowed by law.

## Tenth Claim for Relief
## Wrongful Foreclosure

75. The Plaintiff realleges all prior paragraphs of the pleading as if set out here in full.

76. Deutshe Bank National Trust Company, as Trustee and/or Ocwen Loan Servicing and Shapiro and Kirsch have completed a foreclosure proceeding against the Plaintiff in violation of law.

77. The initiation of the foreclosure proceeding by Deutshe Bank National Trust Company, as Trustee and/or Ocwen Loan Servicing and Shapiro and Kirsch was either negligent or wonton, depending on proof adduced at trial.

79. As a result thereof, Deutshe Bank National Trust Company, as Trustee and/or Ocwen Loan Servicing and Shapiro and Kirsch are liable for all natural, proximate and consequential damages due to their own actions including an award of punitive damages upon a proper evidentiary showing.

## Eleventh Cause of Action
### RICO

80. The Plaintiff realleges all prior paragraphs of the pleading as if set out here in full

81. Plaintiffs allege the Defendants acts in the initiation and origination of the loan, the pooling and servicing agreements and concealing the true note holder in due course was a scheme of racketeering as that term is defined in RICO, 18 USC 1961 et seq.
82. Plaintiff is therefore entitled to the remedies available under RICO in civil actions

**WHEREFORE,** Plaintiff, having set forth his claims for relief against Defendants, prays this Honorable Court as follows:

A. That the Plaintiff have and recover against the Defendants a sum to be determined by a jury of their peers in the form of actual damages;
B. That the Plaintiff have and recover against Defendants a sum to be determined by a jury of their peers in the form of punitive damages;
C. That this court enter an order voiding the documents governing the loan of Plaintiff;
D. That Plaintiff have title to the subject property vested in plaintiff alone and that the defendant herein, and each of them, be declared to have no estate, right, title or interest in the subject property and that said defendants, be forever enjoined from asserting any estate, right, title or interest in the subject property adverse to plaintiff herein; and
E. That the Plaintiff have such other and further relief as the Court may deem just and proper and equitable given facts of the case.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a trial by jury on all claims so triable before the Court

John William Stewart
Pro Se Plaintiff
10707 Eagle Glen Drive
Knoxville, TN 37922
865.898.0095

17

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| John William Stewart ) | |
| ) | |
| Plaintiff , ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 3:08-CV-475 |
| ) | |
| New Century Mortgage Corporation, ) | |
| Deutshe Bank National Trust Company, as Trustee, ) | |
| Ocwen Loan Servicing, Shapiro and Kirsch LLP., ) | |
| Tennessee Home Mortgage and "John Doe" ) | |
| identified as all Persons having an ownership ) | |
| interest in the mortgage lien on subject property ) | |
| claiming any legal or equitable right title, ) | |
| estate, lien or right, title, estate, lien or interest in ) | |
| the property described in this complaint adverse ) | |
| to Plaintiff's title thereto inclusive. ) | |
| ) | |
| Defendant(s) ) | |

NOTICE OF LIS PENDENS

The undersigned hereby gives notice that an action is pending within the matter which affects the interest of the following real property and improvements thereon, situated in the County of Knox, State Of Tennessee, to wit:
Lot Number (7), Eagle Glen Subdivision, Unit 1 as shown by map of the same of record in Map Cabinet K, Slide 96-C in the Register's Office for Knox County, Tennessee to which map reference is hereby made for a more particular description of said property.
Street Address:
10707 Eagle Glen Drive
Knoxville, Tennessee 37922

*/s/ John William Stewart*
John William Stewart
Pro Se Plaintiff
10707 Eagle Glen Drive
Knoxville, TN 37922
865.898.0095

## CERTIFICATE OF SERVICE

I, HEREBY CERTIFY that a true and correct copy of the foregoing First Amended Complaint For Quiet Title, Fraud and Misrepresentations, Breach of Contract, Declatory Relief, Injunctive Relief and Notice of Lis Pendens has been certified mailed postage prepaid to:

New Century Mortgage Corporation
Corporation Trust Company
C/O Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801

Deutshe Bank National Trust Company
Yvonne Falconer
Legal Department
60 Wall Street
New York, New York 10005

Ocwen Loan Servicing
Corporation Service Company
2711 Centerville Road
Suite 400
Wilmington Delaware 19808

Shapiro and Kirsch LLP.
C/O Bass, Berry and Sims PLC
900 S. Gay Street
Suite 1700
Knoxville, Tennessee 37902

Tennessee Home Mortgage
445 Marilyn Lane
Alcoa, Tennessee 37701

This the 30th day of January, 2009

*John William Stewart*
John William Stewart