UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOHN WILLIAM STEWART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:08-cv-475 |
| ) | (Phillips) |
| DEUTSCHE BANK NATIONAL ) | |
| TRUST COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants' Motions to Dismiss [Docs. 22, 24]. Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, defendants request that the case be dismissed for failure to prosecute. [*Id.*]. For the following reasons, defendants' Motions to Dismiss [Docs. 22, 24] are **DENIED**.

**I. BACKGROUND**

This case was removed to federal court on November 20, 2008. [Doc. 1]. Defendants Ocwen Loan Servicing, LLC (hereafter, "Ocwen Loan Servicing") and Deutsche Bank National Trust Company (hereafter, "Deutsche Bank") have moved to dismiss under Rule 41(b) of the Federal Rules of Civil Procedure. [Doc. 22]. As a basis for their motion, they allege that plaintiff has failed to participate in a Rule 26(f) conference.

At the time the motion was filed on November 12, 2009, plaintiff had not participated in a Rule 26(f) conference. [Doc. 22]. Under Rule 26(f) of the Federal Rules of Civil Procedure, the parties are required to conduct a discovery conference as soon as practicable. Fed. R. Civ. P. 26(f).

1

Defendants allege that plaintiff twice failed to appear for a Rule 26(f) conference. [Doc. 22]. The first meeting was allegedly scheduled for August 26, 2009, but plaintiff did not attend. [*Id*.]. The second meeting was allegedly scheduled for September 10, 2009, but plaintiff did not attend. [*Id*.].

Defendant Tennessee Home Mortgage has also moved to dismiss under Rule 41(b) of the Federal Rules of Civil Procedure. [Doc. 24]. Defendant Tennessee Home Mortgage has adopted the other defendants' Motion to Dismiss. [*Id*.].

On March 30, 2010, the parties held a Rule 26(f) conference. [Doc. 36]. The Court will now address the motions to dismiss [Docs. 22, 24], which were filed months before the Rule 26(f) conference was held.

## II. ANALYSIS

Defendants have moved to dismiss under Rule 41(b) of the Federal Rules of Civil Procedure. That rule provides, in relevant part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). In deciding whether to dismiss a case for failure to prosecute, the Court applies the following factors: "(1) evidence of willfulness or bad faith; (2) prejudice to the adversary;

(3) whether the violating party had notice of the potential sanction; (4) whether less drastic sanctions have been imposed or ordered." *Phillips v. Cohen*, 400 F.3d 388, 402 (6th Cir. 2005) (citing *Bass v. Jostens*, 71 F.3d 237, 241 (6th Cir. 1995)). This test, which was established in *Mulbah v. Detroit Board of Education*, 261 F.3d 586, 589 (6th Cir. 2001), "has been equally applied to Rule 41(b) dismissals, dismissals under Rule 37(b)(2)(A)(v), and dismissals where the order did not expressly

2

state the source of authority." *Rogers v. City of Warren*, 302 F. App'x 371, 376 (6th Cir. 2008). The Court will now apply the test.

As for the first element, it is unclear whether plaintiff acted in bad faith in failing to participate in a Rule 26(f) conference at an earlier date. Plaintiff states that he was "totally unaware of the Rule 26(f) conference for August 26, 2009." [Doc. 25 at 2]. Plaintiff states that the notification "was sent to an incorrect e-mail address . . ." [*Id.*]. Assuming this is the real reason why he missed the August 26, 2009 conference, the Court finds that plaintiff did not act in bad faith on that date. [*Id.*]. However, plaintiff did not explain why he missed the Rule 26(f) conference scheduled for September 10, 2009. Thus, this factor does not weigh in favor of either party.

As for the second element, the Court finds that plaintiff's failure to attend a Rule 26(f) conference in August and September 2009 was not unfairly prejudicial to the defendants. "Prejudice" requires not only delay, but also "the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990). None of those concerns are present.

This case was removed to federal court on November 20, 2008. [Doc. 1]. Defendants did not attempt to have a Rule 26(f) conference until August 26, 2009. [*See* Doc. 22]. The motions to dismiss, which were based upon plaintiff's failure to attend a Rule 26(f) conference, were filed in November 2009. [Docs. 22, 24]. However, this dispute was resolved a few months later when the parties conducted a Rule 26(f) conference. [Doc. 36]. Because discovery is now underway, defendants have adequate time to prepare for trial which is scheduled for November 2, 2010. [Doc. 20]. In addition, defendants do not allege that any evidence was lost as a result of the delay. Accordingly, this factor weighs in favor of plaintiff.

As for the third factor, plaintiff has not been warned that failure to comply with the Scheduling Order would result in the case being dismissed. While courts are not required to give notice prior to dismissal, the Sixth Circuit has encouraged it. *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988) (stating that "in the absence of notice that dismissal is contemplated, a district court should impose a penalty short of dismissal unless the derelict party has engaged in 'bad faith or contumacious conduct.'") (citations omitted). In the present case, the Court did not enter any Orders warning plaintiff that his action could be dismissed for failure to prosecute. Accordingly, this factor weighs in favor of plaintiff.

As for the fourth factor, the Court finds that imposing a lesser sanction would be more appropriate than dismissal. The sole basis for dismissal was plaintiff's previous failure to attend a Rule 26(f) conference. On March 30, 2010, the parties conducted a Rule 26(f) conference. It makes no sense to dismiss a case for an error that has now been corrected.

In conclusion, the Court finds that the factors weigh in favor of plaintiff. Accordingly, defendants' Motions to Dismiss [Docs. 22, 24] are **DENIED**.

### III.  CONCLUSION

For the foregoing reasons, defendants' Motions to Dismiss [Docs. 22, 24] are **DENIED**.

**IT IS SO ORDERED.**

            **ENTER:**

              s/ Thomas W. Phillips
            United States District Judge